JUDGE PETERS
delivered the opimon oe the court.
W. H. Gray and J. M. Todd, late partners, doing business under tbe firm name of Gray & Todd, drew a bill of exchange in Frankfort, on the 11th of November, 1867, on R. P. Pepper, payable to E. H. Taylor sixty days after date. Pepper accepted it, and Taylor, the payee, then indorsed it to J. B. Temple; he indorsed it to H. I. Todd; and he to J. A. Edwards, F. Neel, and J. D. Smith, partners doing business under the firm name of Edwards & Co. The bill having been protested for non-payment when it matured, this action was brought by Edwards & Co., the holders thereof, against the drawers, acceptor, and indorsers to enforce its collection. All the defendants to the action pleaded their discharge in bankruptcy, except H. I. Todd, who alleged in his answer that he was a mere accommodation indorser of said bill, having no pecuniary nor beneficial interest in the matter, which was well known to the holders when he made the indorsement to them. That at the time of the alleged protest of the bill of exchange he resided in the city of Frankfort, having a business-house or place of doing business in the city, known to the plaintiffs and to the notary who professes to have protested said bill; but that he was not notified of said protest, and is not therefore responsible for the amount thereof.
Amended pleadings were filed, but the foregoing statement is sufficient to present the question involved.
*92 A verdict and judgment were r d against said H. I. Todd for the amount of the bill wit] 3st from its maturity, and he prosecutes this appeal.
On the trial the following instruction was given to the jury on motion of appellees, which^wSts properly excepted to
by appellant at the time, and the propriety of giving that instruction presents the first question for our determination: “ If the jury find from the evidence that the bill of exchange sued on was drawn by Gray & Todd for the accommodation of R>. P. Pepper, and not upon any funds or property in Pepper’s hands belonging to them, and was indorsed by the defendant, H. I. Todd, for the accommodation of Pepper, and not in a regular course of business from J. B. Temple, the preceding indorser, and that Todd knew at the time of his becoming indorser that the drawer had no funds or property in his (Pepper’s) hands belonging to Gray & Todd, and that the same was merely to raise money for Pepper, it dispensed with the necessity of notice, and he is liable on the bill.”
The principle is well settled that if the drawer of a bill of exchange have no funds in the hands of the acceptor, or having funds in his hands withdraws them without giving notice of the bill, and had no right on other grounds to expect that the bill would be paid, and it was drawn for the accommodation of the drawer, he is prima facie not entitled to notice of the dishonor of the bill, because the drawer, being himself the real debtor, acquires no right of action against the acceptor by paying the bill, and can suffer no injury from a want of notice of non-payment, and the laches of the holder affords him no defense. But if a bill be drawn for the accommodation of the drawer or acceptor, and indorsed by the payee and subsequent indorsers, if the holder intends to hold any or all of said indorsers responsible to him, as many as he intends to make responsible are entitled to notice of the dishonor of the paper, because the indorser who pays it has a right to hold the *93 prior parties on the bill responsible to him, and he should be notified, so that he may take the necessary steps to secure himself. (Chitty on Bills, side-pages 198-202.) And in Edwards on Bills and Promissory Notes, page 454, it is said: “Where the bill is drawn for the accommodation of an indorser, and it so appears in the pleadings, so that he has no remedy over against any one, no notice to him is required; but it is otherwise where he also indorses for the accommodation of a prior party against whom he is entitled to recover.”
Upon reason and authority therefore appellant was entitled to notice of the dishonor of the bill; and the remaining question is, Was there evidence of sufficient notice to charge him?
Taylor, the notary who protested the bill, proves that he made the protest on the 13th of January, 1868; that the first indorser, E. H. Taylor, being present when he was writing out his protest, he then handed him a notice; and the other notices, three in number, he sent in an envelope by mail to Edwards & Co., Shelbyville, Kentucky. He could not state that the package containing the notices was put in the post-office in time to go by the 3:30 o’clock mail, p. m. of that day, but recollected that one of the notices inclosed to Edwards & Co. was directed to H. I. Todd. He had known Todd all his life. He resided in Erankfort at the date of said protest, and he then knew where his residence and place of business were in the city of Erankfort.
Middleton, who was clerk in the house of Edwards & Co., proves that the notices were received by appellees on the 14th of January, 1868, and by eleven o’clock A. m. of that day he mailed one to appellant, at Frankfort, postage prepaid.
As to the manner of giving notice of the dishonor of a bill, that subject is in many states of the Union regulated by special statute; but where there is no statutory regulation the rule seems to be .that where the party to be charged resides in the same city or town where the bill is to be presented and *94 demand made, notice must be personal, or left at his dwelling-house or place of business. (Edwards on Bills and Notes, 456.)
By an act of the legislature of this state, approved January 16, 1864 (Myers’s Supplement, 354), it is made the duty of notaries public, upon protesting bills of exchange, etc., to give or send notice of the dishonor of such paper to such parties thereto as are required by law to be notified, to fix their liability on such paper; and when the residence of any such parties is unknown to the notary public he shall send the notices to the holder of such paper, and he shall state in his protest the names of the parties to whom he sent or gave such notices, and the time and the manner of giving the same; and such statement in such protest shall be prima facie evidence that such notices were given or sent as therein stated by such notary.
As therefore the instruction given on motion of appellees is inconsistent with the principles herein stated, and the proof of notice to appellant was insufficient, the judgment must be reversed, and the cause remanded for a new trial and for further proceedings consistent with this opinion.