Mulholland & Bros. v. Samuels.

CASE 13—PETITION—JUNE 20.

# Mulholland & Bros. v. Samuels.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. WHEN NOTICE OF PROTEST MUST BE GIVEN OR SENT BY A NOTARY.— The notary is required to give or send the notices of the dishonor of the paper to the parties sought to be held liable, when he knows their place of residence.
2. A NOTARY IS NOT REQUIRED TO USE ORDINARY DILIGENCE TO ASCERTAIN THE PLACE OF RESIDENCE of the parties sought to be held liable by the protest and notice.
3. A NOTARY IS A COMPETENT WITNESS to prove that he did not at the time of the protest know the place of the residence of the parties to the bill.
4. WHEN QUESTIONS OF FACT ARE SUBMITTED TO THE COURT without the intervention of a jury, the judgment of the court can not be disturbed, upon the sole ground that it is contrary to the weight of the evidence, for any less reason than would authorize the setting aside of the verdict of a jury.

HARLAN & NEWMAN, . . . . . . . . For Appellants,

CITED

Myers's Supplement, 354, Act of January 16, 1864.
Revised Statutes, 1 Stanton, 274–5.
7 Bush, 89, Todd v. Edwards.

LEE & RODMAN, . . . . . . . . . . For Appellee,

CITED

Myers's Supplement, 354, Act of January 16, 1864.
Byles on Bills, 421, 424, *et seq.*
1 Metcalfe, 658, Bondurant v. Everett.
1 Parsons on Contracts, 234.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Section 3 of the act of January 16, 1864 (Myers's Supplement, 354), regulating the duties of notaries public, requires such officers, upon protesting for non-acceptance or non-pay-

Mulholland & Bros. v. Samuels.

ment any bill of exchange, check, or promissory note placed upon the footing of a bill of exchange, "to give or send notice of the dishonor of such paper to such of the parties thereto as are required by law to be notified to fix their liability; and when the residence of any of such parties is unknown to the notary public he shall send the notices to the holder of such paper, and he shall state in his protest the names of the parties to whom he sent or gave such notices, and the time and manner of giving the same; and such statement in such protest shall be *prima facie* evidence that such notices were given or sent as therein stated by such notary."

By section 4 of the same act it is further provided "that if any notary public shall falsely state in such protest that notices were given or sent by him, when in fact such notices were not given or sent as so stated by him, he shall be deemed guilty of a violation of his official oath, and be subjected to the penalties now prescribed by law for false swearing, *and shall also be liable to the party or parties injured for such damages as they may sustain by such false statement.*"

In this case there is no question as to whether or not the notary did send the notices in the manner stated in the protest. The defense upon which appellants rely to escape liability is that they were at the time of the dishonor of the bills residents of the city of Louisville, at which place the same were protested for non-payment, and that it was the duty of the notary, who knew such to be the fact, to have delivered the notices to them in person instead of sending them to the holder of the bills. The controversy turns upon whether or not the place of their residence was unknown to the notary. This fact the appellee seeks to establish by the testimony of the notary himself, and it is insisted by the appellants that he is an incompetent witness by reason of the liability imposed upon him by the fourth section of the act of 1864.

It will be observed that this statutory liability is confined

by the terms of the act to cases in which the notary shall state in the protest "that notices were given or sent by him, when in fact such notices were not given or sent." He is required to make no statement as to his knowledge or want of knowledge of the place of residence of the parties sought to be held liable on the dishonored paper, and any responsibility which he may incur on account of his failure to comply with other provisions of the act in question grows out of the general laws regulating and fixing the liability of public officers for breaches of official duty, and not out of anything contained in the fourth section of said act. Such possible liability has not heretofore been regarded as sufficient to disqualify the notary from testifying as to the fact of the presentment, non-payment, and protest of the paper; and in cases of inland bills the general rule has always been that the protest must be proved by the notary who made it. (2 Greenleaf on Evidence, sec. 183.) And we can perceive no good reason why he should not be held competent to prove that he did not at the time of the protest know the residence of the parties to the bill, a fact which from the very nature of things in many instances can be established by no one else.

There are circumstances developed by the proof tending to show that the notary by the use of ordinary diligence could have ascertained the fact that the appellants were residents of Louisville, and doing business in that city; but we do not agree with the learned counsel that the act of 1864 can be so construed as to release the appellants because of this fact. The notary is required to give or send the notices of the dishonor of the paper to the parties sought to be held liable when he knows their place of residence, and not in cases in which it might be within his power to ascertain this fact by the use of reasonable diligence. There is nothing in the case of Todd v. Edwards & Co., 7 Bush, 89, in conflict with this conclusion. The testimony of the notary, though apparently

conflicting, upon a closer scrutiny is substantially consistent as to his knowledge of the place of residence of the appellants *at the time* the bills were protested. And as this question of fact was by consent of parties submitted to the court without the intervention of a jury, the judgments can not be disturbed upon the mere ground that it is contrary to the weight of the evidence, for any less reason than would authorize the setting aside of the verdict of a jury.

No such reason exists in this case, and the judgments appealed from must therefore be affirmed.