[No. 2330. Decided November 11, 1896.]

D. M. Osborne & Co., *Appellant*, v. Cyrenus E. Stevens *et al.*, *Respondents*.

ACTION ON PROMISSORY NOTE — PLEADING — ALLEGATION OF OWNERSHIP.

In an action on promissory notes by an indorsee thereof, the complaint is sufficient as against general demurrer attacking an averment of ownership in plaintiff, which is alleged as follows: "That for value and before maturity, Alexander A. Munson indorsed said notes by writing across the back of each before delivery the name 'Alexander A. Munson.' That plaintiff is now the owner and holder of said notes and mortgage."

Appeal from Superior Court, Kittitas County.— Hon. Carroll B. Graves, Judge. Reversed.

*W. S. Smith*, for appellant.

*Ralph Kauffman*, for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—The superior court sustained a demur-

rer to the complaint filed in this action, and, the plaintiff electing to stand upon such complaint, judgment was entered against it, from which it has prosecuted this appeal. The only suggestion as to the insufficiency of the complaint was that the title to the notes upon which the action was brought was not shown to be in the plaintiff. It appeared from the complaint that the notes were made to one Alexander A. Munson, and the allegations as to the ownership of the plaintiff were —

"That for value and before maturity Alexander A. Munson indorsed said notes by writing across the back of each before delivery the name 'Alexander A. Munson.' That plaintiff is now the owner and holder of said notes and mortgage."

These allegations were not so full and definite as they should have been,—and the complaint on that account might have been open to a motion to make more definite and certain—but they were, in our opinion, sufficient when attacked by general demurrer. The old rule as to the strictness with which pleadings shall be construed against the pleader has been much modified under the reformed procedure, and thereunder it is held that pleadings shall be aided by all intendments which reasonably flow from the language used. The allegations of this complaint, aided by such intendments, were sufficient to show title in plaintiff to the notes in question.

The judgment will be reversed and the cause remanded with directions to overrule the demurrer to the complaint and proceed with the cause.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.