CASE 88—ACTION ON BILL OF EXCHANGE—MAY 31.

# Lyddane v. Owensboro Banking Co.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. BILLS AND NOTES—PLEADING—PETITION.—In an action by an indorsee on a bill of exchange it is not necessary to allege specifically that the indorsement was to the plaintiff. A promise by

Lyddane v. Owensboro Banking Co.

the acceptor to pay an indorsement by the payee and that the plaintiff is the owner and holder thereof is sufficient because such averments import a promise by the indorser to pay.

2. SAME—NOTICE OF DISHONOR—EFFECT OF KENTUCKY STATUTES, SECTION 3725.—Failure of the holder of a bill of exchange to cause notice of dishonor to be given to a prior indorser does not release a subsequent one to whom such notice was given. Section 3725, Kentucky Statutes, did not operate to repeal the common law in this regard, but merely to change the method of giving notice required by the law-merchant.

WALKER & SLACK FOR THE APPELLANT.

1. The demurrer to the petition should have been sustained as there was no averment in the petition of any agreement on the part of the appellant to pay. Huffaker v. National Bank of Monticello, 12 Bush, 287; 1st. Chitty Pld., 301-2; Same, 363; vol. 2, p. 383.

2. The demurrer should not have been sustained to the answer. The bill was placed upon the footing of a foreign bill of exchange. Acts 1885-6, vol. 2, ch. 864, sec. 6. The Kentucky Statutes, sec. 3725, imposed upon notaries the duty of giving the notice of dishonor to the drawer and endorser, and his failure to notify the drawer or any endorser released all the subsequent parties on the bill. Sebree Dep. Bk. v. Moreland, 96 Ky., 150; s. c., 28 S. W. R., 153; 3 Randolph on Com. Paper, secs. 1235, 1237; 2 Daniel on Neg. Instr. (4th ed.), secs. 970, 971, 995, 1303; 2 Am. & Eng. Ency. of Law, 386, 387, 408, 388; Wheeler v. Samuels, 9 Heisk, 393; 29 W. Va., 548; Todd v. Edwards, 7 Bush, 89; Mulholland v. Samuels, 8 Bush, 63; Neal v. Taylor, 9 Bush, 380; 24 Am. & Eng. Ency. of Law, 845; Edwards v. Dick, 4 B. & A. L. D., 212; Bank v. Floyd, 4 Met., 145; Story on Bills, sec. 245.

BIRKHEAD & CLEMENTS FOR THE APPELLEE.

Section 3725 of the Kentucky Statutes did not change the law-merchant as to the necessity of giving notice of dishonor of a bill but merely changed the method by which the notice was to be given. Ky. Stats., sec. 3725; Todd v. Edwards, 7 Bush, 89; Neal v. Taylor, 9 Bush, 380; Daniels Neg. Instr., sec. 987; Tiedeman on Com. Paper, sec. 336; 2 Am. & Eng. Ency. of Law, 412; Meyers v. Standart, 11 Ohio, ——; Matthews v. Fogg, 44 Am. Dec., 257; Union Bank v. Lea, 44 Am. Dec., 275; Union Bank v. Hyde, 44 Am. Dec., 290; Randolph, Com. Paper, sec. 1238.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee bank brought suit on a bill of exchange drawn by Clark on Boyd, accepted by Boyd, payable to the order

of Slack and appellant Lyddane, indorsed by payees, and purchased and discounted by the bank.

A demurrer to the petition was properly overruled, it being alleged that the payees indorsed the bill by writing their names across the back, and that the plaintiff was the owner and holder thereof. It is unnecessary to allege, in addition, that the indorsement was *to* plaintiff. Osborne v. Stevens, 15 Wash., 478 [46 Pac., 1027]; 14 Enc. Pl. & Prac., 524. A promise by the acceptor to pay is alleged, and that appellant indorsed the bill to the bank, or the equivalent of that allegation. It is a sufficient averment. In the case of Huffaker v. Bank, 12 Bush, 287, no promise at all was alleged. But in this case the averment is that the acceptor promised to pay, and, in substance, that appellant indorsed the bill to appellee, which is sufficient to make appellant liable. A promise by the acceptor to pay being alleged, a proper averment of an indorsement by payee to plaintiff is equivalent to an averment of a promise to pay by the indorser, for it is an averment of facts which, under the law-merchant, make the indorser liable.

The answer of appellant pleads that he is a mere accommodation indorser, and had no interest in the proceeds of the bill; that neither the notary who protested nor appellee gave the prior indorser, Slack, any notice of non-payment, dishonor, or protest; that Slack was thereby released, and his release operated to release Lyddane, the failure to give Slack notice being without Lyddane's knowledge or consent. A demurrer to this answer was sustained.

Appellant claims that the answer was sufficient, upon the ground that the law merchant is changed by the statute (Ky. St., sec. 3725) providing that:

"It shall hereafter be the duty of notaries public, upon

protesting any of the instruments mentioned in section three thousand seven hundred and twenty-three, to give or send notice of the dishonor of such paper to such of the parties thereto as are required by law to be notified, to fix their liability on such paper; and when the residence of the parties is unknown to the notaries public he shall send the notices to the holders of such paper, and he shall state in his protest the names of the parties to whom he sent or gave such notices, and the time and the manner of giving the same, and such statement in such protest shall be *prima facie* evidence that such notices were sent or given as therein stated by such notary."

It is contended that this statute requires the notary to give notices to all the parties who can be found thereby, and not merely those who are by the holder desired to be held; that the liability of indorser is that of surety, and that he is released by the discharge in any manner of a prior indorser, who, as to him, holds the relation of a principal.    It is earnestly insisted that though, at common law, the holder of a dishonored bill was required to notify the last indorser only, if he desired to hold such indorser alone, the common law was in this behalf abrogated by the statute.    The notary was required to give notice to every one who could be held, to give such notice as the agent of the holder, and the holder was therefore bound by the notary's default in notifying any prior indorser, and, if such prior indorser was released by failure to give notice, that released the last indorser.    Such is not the true intent of the statute.    It is made the duty of the notary to notify those whom the holder desired to hold bound.    Granting that in the discharge of this duty the officer acted as agent of the holder, the holder's responsibility for the action of his agent was not made greater than at common law it was for his own acts.

Counsel for appellant, with commendable candor, quote as follows from 2 Daniel on Negotiable Instruments, sec. 1303:

"But though all the parties to such a bill are sureties of the acceptor, they are not, as between themselves, co-sureties, liable for contribution to each other in the event that any one should pay the amount for the acceptor; but each prior party is a principal as between himself and each subsequent party."

From this it follows that Lyddane was not, by the law merchant, a surety as to the bank, but was a principal. His relation in this behalf is not changed by the statute.

In Todd v. Edwards, 7 Bush, 89, a case arising under a statute identical with the existing statute, the court, through Judge Peters, said:

"But if a bill be drawn for the accommodation of the drawer or acceptor, and indorsed by the payee and subsequent indorsers, if the holder intends to hold any or all of said indorsers responsible to him, as many as he intends to make responsible are entitled to notice of the dishonor of the paper, because the indorser who pays it has a right to hold the prior parties on the bill responsible to him; and he should be notified, so that he may take the necessary steps to secure himself."

The law-merchant was not, in our opinion, abrogated by the statute, except in so far as a change was made as to the method of giving a notice of protest.

The judgment is affirmed, with damages.