HIRAM HAYWARD, Plaintiff in error.

*vs.*

THOMAS J. ORMSBEE, Defendant in error.

ERROR TO DANE CIRCUIT COURT.

When the jury disregard the instructions of the judge on the trial, in a material point of law, it is his duty to set aside the verdict.

For facts necessary to be proved to establish title by descent, see case and opinion.

This was an action of ejectment brought in the Dane circuit by defendant in error, against the plaintiff in error, to recover lot 3 in block 110 in the city of Madison. The facts cannot be more succinctly stated than in the following case, settled by the court below.

This was an action of ejectment, commenced by the plaintiff (the defendant in error) September 25th, 1856, to recover lot three in block one hundred and ten in the city of Madison. The complaint contained the following allegation : That on the tenth day of October, 1846, the plaintiff was possessed of the said lot, which he claimed in fee and the usual clause of ouster, &c. There is but one count in the declaration. To this declaration the defendant pleaded the general issue. The cause came on to be tried, on the 28th day of April, 1857.

On the trial it was admitted that section thirteen of township seven of range nine, east, and other lands, being a large portion of the present city of Madison, was entered in 1836 of the United States, by Doty and Mason, and included the lands in question.

The plaintiff introduced the records of deeds of said county, and read therefrom the record of a deed from James D. Doty

to Stevens T. Mason, dated May 1st, 1836, and acknowledged on the 28th day of November, 1836, and recorded February 13th, 1837, in the county of Milwaukee, and also recorded in the county of Iowa, May 5th, 1837, which deed recites in effect that in consideration of one dollar paid by Mason, Doty sells, assigns, releases, and transfers unto Stevens T. Mason and to his assignees, all of Doty's right, title and interest in and to the several tracts of land, including the ground in question, and all the land that had been entered by the parties to the deed " to have and to hold said interest and estate of the said Doty unto the said Mason and his assigns forever."

Also the record of a deed from Stevens T. Mason to Kentzing Pritchett, dated March 25th, 1837, and recorded July 29th, 1837. This deed is a full covenant warranty, and recites, that Mason grants, &c., "one undivided half part of my title and interest, claim and demand in law or equity in and to, or in any manner arising from or out of all those several tracts or parcels of land situate and lying in the immediate vicinity of the four lakes in the south western part of Wisconsin Territory, being an equal interest in the undivided half part of the same land, purchased and entered at the land office at Green Bay, in the joint names of the said Stevens T. Mason and James D. Doty of the last place in the year 1836 and described as follows :" (giving a description of the several tracts.)

Also the record of a deed from Mason to Pritchett, dated 17th of June, 1839, and recorded June 18th, 1839. This was a warranty deed with full covenants for the whole of said tracts of land. The plaintiff then read the record of a deed from Pritchett to Moses M. Strong, dated and recorded the same day as the last deed. This was a quit claim deed and recites that Pritchett grants, etc., to Strong the following lots and blocks in the town of Madison, and county of Dane, &c.,

(describing among the lots and blocks the ground in question.)

The plaintiff then introduced witnesses and showed by parol that at the date of this last deed, there was a printed plat entitled "plat of Madison, the capital of Wisconsin Territory," July 1st, 1836, James D. Doty, trustee for the proprietors, and that the parties to said deed had one or more of those plats before them at the time of the making of the deed.

To this testimony the defendant excepted and the court allowed said evidence.

The plaintiff then read the record of a deed from Moses M. Strong to Rodney Edgar Ormsbee, dated the 20th November, 1840, recorded January 9th, 1841, for the lot in question. This deed recites that Rodney Edgar Ormsbee, is infant son of Joles Ormsbee, of Rutland, in the county of Rutland, and State of Vermont.

The plaintiff then read the depositions of James B. Porter of Rutland, which shows he has known the plaintiff for thirty years, during which time he has resided in Rutland, that he knew Rodney Edgar Ormsbee from the time of his birth. He attended as physician at his birth. He had seen him often to the day of his death. He was born the 5th day of February A. D. 1839. His parents were Thomas J. Ormsbee and Minerva Mary Ormsbee, his wife; that the said Rodney Edgar Ormsbee is dead. He died sometime in the month of June A. D. 1842. He died at his father's residence in Rutland.

To this evidence the defendant excepted and the court allowed such evidence.

The plaintiff then introduced a witness who testified that he had known the plaintiff for many years; he resided in Rutland and was known as well by the name of *Joles* as Thomas J. He was called indifferently by his intimate ac-

quaintances *Joles* or *Thomas*. Strong was one of those acquaintances. Witness knew no other Joles Ormsbee, though he was in former years well acquainted with the people of Rutland.

To this evidence the defendant excepted, and the court allowed said evidence.

The plaintiff having rested his case, the defendant then read the record of a deed from James D. Doty to John F. O'Neil, dated the 6th December, 1836, and recorded December 14, 1836, for the lot in question. This was a full covenant warranty deed, and recited that it was for the consideration of $1000, and that Doty was the trustee of the Four Lake Company. The defendant offered to read the deed from O'Neil to the lessor of the defendant by which he claimed title in himself.

The defendant read the record of a power of attorney from Stevens T. Mason, dated May 8th, 1836, and acknowledged May 13th, 1836, recorded May 15th, 1837, reciting that Mason made, constituted and appointed Doty his attorney for him and in his name and stead, to divide, lay off, or otherwise dispose of his interest in any portion of certain land partly owned by said Doty and himself, at or near the Four Lakes of Wisconsin, in manner as in his discretion the joint interest of both may require, and generally to do all and every act, &c.

The defendant introduced a witness and proved that there was in December 1836, and had been before then, a Company known as the Four Lake Company. James D. Doty was the trustee of the company.

The defendant then offered to read the record of a deed dated the 1st day of June, 1836, acknowledged on the 28th day of November, 1836, and recorded in Milwaukee county February 13th, 1837, from Mason and one Tillou, by Doty their attorney in fact, to James D. Doty, trustee of the Four

Lake Company, for the same lands as are described in the deed from Doty to Mason, and for other lands lying in the city of Madison, which deed the judge ruled could not be read by the defendant in evidence. To which the defendant at the time excepted.

Also a power of attorney from Pritchett to Strong, dated and recorded the same day as the deed between the same parties, and read by the plaintiff. This power of attorney authorizes Strong to lay out the tract of land mentioned in the deed to Pritchett, "and in his name to grant, bargain, sell, demise, release, convey and confirm, in fee simple, or in any manner whatsoever, such lots in the recorded plat of the town of Madison, to each and every person or persons resident in the said Territory of Wisconsin, who hold deeds for the same from any person or persons who have heretofore claimed authority to convey the same, in each and every case where, in his judgment, justice and equity may demand; and also in the name, place and stead of Pritchett, and his proper act and deed to execute, seal and acknowledge such conveyances and assurance of the same as shall be needful and requisite."

The defendant then introduced witnesses and showed that O'Neil lived at Mineral Point, Wisconsin Territory, on the 17th day of June, 1839; that Strong lived at the same place, and was acquainted with O'Neil; had before that time conversed together concerning the lots of O'Neil lying in Madison.

The defendant also proved that it was also reported that Mason was dead.

The defendant read the patent from the United States to Doty and Mason, dated August 10th, 1837.

The whole of the testimony material to this case being as above set out, the defendant asked the court to instruct the jury as follows, viz:

" That to convey the fee simple or absolute title to real prop-

erty in this State, or while the same was under a territorial organization, and until the taking effect of the Revised Statutes of the State in 1850, the word *heirs*, or some equivalent expression was absolutely necessary to be inserted in the conveyance of real property, in order to convey a fee simple title thereto from the grantor to the grantee; the words *to the grantee*, named in the deed, and *to his assigns forever*, were not sufficient for that purpose, until the Revised Statutes went into operation. If, therefore, the jury finds from the evidence that any of the conveyances executed, acknowledged and delivered prior to that time, through which the plaintiff is compelled to trace his title to the land in dispute, the word heirs or some equivalent expression is omitted, then the plaintiff has failed to make out his case as set forth in his declaration, and the jury must find for the defendant."

" That if the jury find from the testimony that the deed from Doty to Mason, which bears date May 1st, 1836, and was recorded February 13th, 1837, and was read in evidence by the plaintiff, subject to objection on the part of the defendant, conveyed the land in question to the said Mason and his assigns forever, and the word *heirs* or some *equivalent expression* is not to be found in said deed, then Mason had only a life estate, which terminated on his decease, and therefore the plaintiff is not entitled to recover in this action, and the jury must render a verdict for the defendant."

Which said instruction the judge refused to give to the jury: to which the defendant excepted.

The defendant further requested the judge to charge the jury, and the judge did so charge.

That the plaintiff must show an unbroken chain of title in fee from the United States to himself.

" That as the plaintiff by his declaration claims to own the land in question in fee, therefore to entitle him to recover against the defendant in this action, it is incumbent on the

Hayward vs. Ormsbee.

plaintiff to show that all the conveyances under which he claims title in fee, convey to him and his grantors the fee to such land."

" That to enable the plaintiff to recover in this action as the next of kin of Rodney Edgar Ormsbee, it is necessary for the plaintiff to show by competent and satisfactory testimony the following facts, viz :"

1st. That the said Rodney Edgar Ormsbee is dead, and was at the commencement of this suit.

2d. That the said Rodney Edgar Ormsbee was born in lawful wedlock, and the plaintiff is bound to show by legal evidence, to the jury's satisfaction that he was married to the mother of said child at the time of his birth.

3d. That the mother of such child is dead, and about the time of such death as near as may be, &c.

4th. That the said child is the identical person named in the deed from Moses M. Strong to Rodney Edgar Ormsbee, bearing date November 20th, 1840, recorded January 9th, 1841, and read in evidence on the trial by the plaintiff's counsel.

The jury found a verdict for plaintiff, subject to the opinion of the court on a case to be made, with liberty to turn the same into a bill of exceptions or a special verdict.

The plaintiff in error moved the court below for a new trial on the case made, and for such further and other relief as may be just, &c., which said motion was overruled by the court, and judgment rendered in favor of the defendant in error.

*H. E. Frink* for the plaintiff in error.

In order to properly dispose of this case, it is important, among other things, to bear in mind that the defendant in error by his declaration claims to be the owner in fee of the lands in dispute. He cannot sue for the fee, and recover a

life estate. The plaintiff in ejectment, as I understand the law, must, if he recover at all, recover such estate, whether it be a fee or any other kind of estate, as he claims in his declaration or complaint. I make these preliminary observations because admitting Ormsbee traced an unbroken chain of title from the United States down through Doty and Mason to himself, still I hold that he is not entitled to recover, for the reason that the deed from Doty to Mason, dated May 1st, 1836, acknowledged November 28th following, and recorded February 13th, 1837, conveys only the interest and estate of Doty "unto the said Mason and his assigns forever." This, at most, only conveys a life estate, inasmuch as the *fee* could not pass as the law then existed, without the word "heirs." 4 Kent's Com., 6, (8th ed.); 4 Cruise, 295; 2 Prest. on estates, pp. 3, 4, 5; 1 id., pp. 26, 28, 154; Thomas' Coke, 493, 495; Wharton on convey., 15; 2 Greenleaf's Cruise, 354, (w.); 1 Dall., 137; 1 Scam Ill., 276; 4 Watts, 17.

This deed is the basis upon which the defendant in error builds the superstructure of his case. If this fails, he has nothing to rest upon. There is, to my mind, another objection equally fatal to it, which is, that it is a mere release or quit claim of Doty's interest at the time it was made.

This deed is cut off by the deed from Doty to O'Neil bearing date December 6th, 1836, and recorded December 14th, 1836.

Now when this deed was acknowledged and recorded, the fee was still in the United States. The patent bears date August 10th, 1837, and the deed being a quit claim, any subsequently acquired title on the part of the vendor would not enure to the benefit of the purchaser. Rawle on covenants for title, pp. 448, 449, 450, 451, 452, 453, 454; *Van Rensselaer vs. Kearney*, 11 Howard, 297.

It was error in the court below to permit the plaintiff (below) to establish the existence of a town plat by parol.

The evidence is wholly insufficient to show that Rodney Edgar Ormsbee, the grantee of Strong, was the legitimate heir of Thomas J. Ormsbee. Adams' Ejectment, 324.

Should the court, however, differ with me on this point, then I insist that it is fatal to the defendant in error's right to recover, for the reason that it shows Minerva Mary Ormsbee, the mother, is endowed with inheritable qualities by the Territorial statutes as they existed at the time of the decease of Rodney Edgar Ormsbee, " she being the next of kin of equal degree," as well as her husband, and equally entitled with him to an undivided moity of the land by inheritance from her son. Statute of Wisconsin for 1839, p. 184, sec. 38.

*Abbott & Clark* for defendant in error.

1. The deed from Mason & Tillou, by James D. Doty, their attorney, in fact to James D. Doty, as trustee, &c., was properly rejected by the court for the following reasons :

1st. The power of attorney from Mason did not authorize Doty to sell and convey the lands in question, but simply " to divide, lay off, or otherwise dispose of his (Mason's) interest in certain lands partly owned by said Doty and himself,"

A power " to divide, lay off, or otherwise dispose of," is not a power to sell or convey.

The plain meaning and intent of the power from Mason to Doty was, that the attorney should take charge of the lands in question, and by subdividing, platting part or all of the lands in question, or in such other way as he might find expedient, arrange or dispose the land, so as best to fit them for use or sale, and promote the joint interest of both parties. Can any one say that for the attorney at once to convey the entire trust property to himself for one dollar is the best way to promote the interest of his principal? It is conclusive evidence of fraud on the part of the attorney, even if the law allowed an attorney to deed to himself. But it does not. It

does not alter the case that he pretends to hold for some real or imaginary company. If Doty took any thing, he took the fee of the land, and might at once, as trustee, have conveyed the whole property absolutely to a third party. The same person cannot be both vender and vendee. There must be two minds. The attempted conveyance by Doty, as attorney, to himself, as trustee, was an act fraudulent and void in fact and in law. Hill on trustees, 535; _Davan vs. Fanning_; Hill on R. P., vol. 1, 338; 1 Mason, 345; Sug. on Venders, 109, 113.

2. The first instruction asked for by defendant below was properly refused by the court. The word "heirs" is not in all cases absolutely necessary to convey a title in fee simple.

It is submitted to this court that the reason upon which the rule of the English common law was founded, does not exist and is not applicable to conveyances of land in this State. The law should continue no longer than the reason on which it is founded.

If this court adopt the rule of the common law as it has been held in England and some of the United States, still the instruction asked for was too broad, as there are and always have been several exceptions to the rule that the word "heirs" is necessary to convey a fee title. See Greenleaf's Cruise on Real Estate, vol. 2, p. 658, (278,) and cases there cited, title XXXII and chap. XXII.

Among the cases excepted are joint tenants and co-parceners, in which cases it has always been held that a re-lease to another by one of the joint tenants or co-parceners conveyed a fee without the word heirs. Same as above.

At the time Doty assigned, sold, released and transferred to Mason and his assigns all his interest in the premises, they were either joint tenants or tenants in common. They had unity of title, interest and possession. If the statutes made

Hayward vs. Ormsbee.

them tenants in common, this would not alter the effect of a release from one to the other. The statute in declaring them tenants in common, simply took away the right sf survivorship. This right does not belong to coparceners, and yet a release from a coparcener conveys the fee, without the word "heirs," the same as in case of joint tenants. See Blk. Com. vol. 2, p. 188; Greenleaf's Cruise on real property, vol. 1, p. 658, (279.)

So if the conveyance be to a corporation, the word "heirs" is not necessary to create a fee. Query? Was the pretended Four Lake Company a corporation?

It is admitted that, in 1836, the land was entered by Doty and Mason. By the act of the Territorial Legislature of 9th December, 1839, the receiver's receipt was made evidence of title.

The deed from Doty to Mason conveyed a fee, although it was only to his assigns, because at that time Doty and Mason had only an equitable title, and the deed of release was sufficient to convey the equitable fee.

The second instruction asked for by the defendant below, was properly rejected for the reasons above stated, and for the further reason that it asks the court to assume that Mason was dead, which was a disputed question of fact for the jury to try. One witness had heard that Mason was dead, but had no personal knowledge on the subject.

It has been held that the words "as long as wood grows and water runs," are sufficient to create a fee without the word "heirs." *Arms vs. Burt*, 1 U. S. Rep., 306; *Stevens vs. Dewing*, 2 U. S. Rep., 411.


*By the Court*, WHITON, C. J. On the trial of this cause, the circuit court was requested to instruct the jury, and among other things, did instruct the jury as follows:

" That to enable the plaintiff (the defendant in error) to recover in this action as the next of kin of Rodney Edgar Ormsbee, it is necessary for the plaintiff to show by compepent and satisfactory testimony, the following facts:

" 1st. That the said Rodney Edar Ormsbee is dead, and was, at the commencement of this suit.

" 2d. That the said Rodney Ormsbee, was born in lawful wedlock, and the plaintiff is bound to show by legal evidence to the jury's satisfaction, that he was married to the mother of said child at the time of his birth.

" 3d. That the mother of such child is dead and about the time of such death as near as may be," etc.

" 4th. That the said child is the identical person named in the deed from Moses M. Strong to Rodney Edgar Ormsbee, bearing date November 20th, 1840, recorded January 9th, 1841, and read in evidence on the trial by the plaintiff's counsel."

We think these instructions were correct, and properly stated the principles of the law applicable to the facts and circumstances of the case.

The bill of exceptions purports to contain all the evidence material to the questions involved in the case, and upon looking into the testimony, we do not think that there is any satisfactory proof of the legitimacy of Rodney Edgar Ormsbee, or of the death of the mother. The jury therefore disregarded these instructions of the court, when they found upon the evidence, as they did do, for the defendant in error. The degree or quantity of evidence introduced upon those points, would not justify the jury in concluding that Rodney Edgar Ormsbee was the legitimate child of the plaintiff below, and that the mother of such child was dead. The circuit court should have granted a new trial, because the verdict was unsupported by the evidence, and contrary to the law, which it

Hayward vs. Ormsbee.

had laid down for their guidance. The refusal of the circuit court to grant the motion for a new trial was erroneous, and requires the interference of this court. The judgment of the circuit court is therefore reversed upon that ground.

We express no opinion upon the other points made and discussed upon the argument.

The judgment of the circuit court is reversed and a new trial ordered.