[No. 13183.    Department Two. — February 1, 1890.]

EDWARD F. VAUGHN ET AL., RESPONDENTS, v. THE CALIFORNIA CENTRAL RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — MASTER AND SERVANT — ASSUMPTION OF RISK — CONSTRUCTION TRAIN — REPAIRING WASHOUTS. — When an employee of a railroad company accepts employment upon a construction train for the purpose of finding and repairing washouts caused by a severe storm, with a knowledge of all the facts, and of the purpose for which the train started, he assumes the extra-hazardous risks of such employment; and there can be no recovery for injuries or death occasioned in the course of such employment, if no negligence appears on the part of the railroad company in the selection of employees in charge of the train, or in the careless running of such train.

ID. — CONFLICT OF SPECIAL WITH GENERAL VERDICT. — In such case, special findings by the jury that the railroad company exercised ordinary care and prudence in selecting the servants in charge of the train, and that the accident was not proximately caused by the negligence of any of its servants, are in conflict with a general verdict for the plaintiff,

which cannot stand, though the complaint charges negligence in constructing and maintaining the road, as well as in the running of the train and in the selection of employees, since there is nothing left of the complaint and evidence to warrant the general verdict, in view of the circumstances.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. Brunson, Charles R. Redick,* and *Brousseau & Hatch,* for Appellant.

*Stephenson & Harris,* and *Byron Waters,* for Respondents.

McFarland, J.—Pierce B. Vaughn, a young man about twenty-seven years old, was killed by an accident on the railroad of the corporation defendant; and this action was brought by his father and mother (as heirs) to recover damages for his death under section 377 of the Code of Civil Procedure. The verdict and judgment went for plaintiffs. Defendant appeals from the judgment, and from an order denying a new trial.

The jury, in addition to a general verdict, returned answers to a large number of special issues submitted to them; and appellant contends (among numerous other points) that the general verdict is in conflict with the findings on the special issues, and therefore cannot stand. We think appellant right in this contention. ·

Paragraph 4 of the complaint is as follows:—

"That on January 4, 1888, said Pierce B. Vaughn, while so engaged in such service of the defendant, was being carried upon a work train of defendant upon such railway in this county, when, owing to the negligent and defective manner in which the track and road-bed of such railway had been originally constructed and subsequently maintained by said defendant, and at a point about one mile west of North Cucamonga station,

the said road-bed was, and had been for many hours before, for a distance of thirty feet along the track, washed out, and by the negligence of the defendant, the same was so allowed to remain in an unsafe condition till the accident complained of occurred."

Paragraph 5 is as follows:—

" That notwithstanding said unsafe condition of said track, the defendant, without exercising any care in the running of said train, and without exercising any care to discover the unsafe condition of its track, and by its negligence in the running of said train at a reckless and fast rate of speed along and over said defective track, caused said train to be wrecked and ditched at such washout, thereby, without any fault on the part of said Vaughn, causing said Vaughn to be instantly killed."

An amendment to the complaint contains the following averments:—

" 8. That at the time of said wreck and of the killing of said Vaughn, and continuously for more than ten days prior thereto, James McKenna was the section foreman of the defendant, and in that capacity had charge of the defendant's railroad track and road-bed where said washout and wreck occurred, and for several miles along the track on each side thereof, but that he was neither properly qualified nor competent, nor was sufficiently skillful, to perform his duties as such section foreman; and the defendant neglected to use ordinary care in selecting him as such section foreman.

" 9. That Edson Long was the conductor of said train at the time it was wrecked. But he was neither properly qualified or competent, nor of sufficient skill, to perform his duties as such conductor, and the defendant neglected to use ordinary care in selecting him as such conductor.

" 10. That, at the times aforesaid, A. Jones was the engineer of the said work train, but he was neither properly qualified or competent, nor of sufficient skill,

to perform his duties as such engineer, and the defendant neglected to use ordinary care in selecting him as such engineer."

It is apparent that the gist of the alleged cause of action lies in the averments contained in said paragraph 5 of the complaint, and in the matters averred in the amendment, and that the theory of the pleader was, that appellant was liable in damages on account of the carelessness with which the train was run, the incompetency and misconduct of the employees, and the want of care of appellant in employing them. And the reason of this is quite apparent when we look at the history of the accident. The train on which deceased was killed was not a passenger train, neither was it a work or construction train traveling on ordinary business. The facts were, that during a rainy and stormy time, news came to the office of the defendant at San Bernardino of breaks and washouts along the line of the road, and this particular construction train was sent out for the express purpose of finding washouts and repairing the road at points where such washouts should be found. The deceased was a co-employee of defendant with the other persons on the train, and he knew all the facts, and the purpose for which the train started. He therefore took the extra-hazardous risks. It would, therefore, have been difficult (we do not say impossible) to have rested a cause of action for damages for personal injury upon the mere fact alone that the managers of the train found what they were seeking, viz., a washout, and went into it without any carelessness on the part of anybody. The fact that the road had not been constructed as thoroughly as it should have been at the place where the washout occured cuts but little figure, because it was evident from the start that the breaks would be most likely to be found at the weakest points. At all events, the complaint goes upon the theory that the injury was caused by the reckless speed with which the train was allowed to ap-

proach the washout, and the negligence and misconduct of the company's employees at the time of the accident; and to avoid the rule that damages cannot be recovered for injuries caused by the negligence of a co-employee, the complaint avers the incompetency of the employees and defendant's want of care of employing them.

But the jury, by its findings on the special issues, expressly negatives all negligence on the part of any person at the time of the accident, and exonerates defendant from any want of care in selecting its employees. To the following questions the following answers were given by the jury: "Were the engine-man and conductor in charge of defendant's train exercising ordinary care in the running of the train at the time of the accident? A. Yes. Did the defendant exercise ordinary care and prudence in the selection of its employees having charge of its trains? A. Yes. Did defendant exercise ordinary care and prudence in the selection of its conductor and persons having charge and supervision of its road-bed and track? A. Yes. Was the proximate cause of the accident the negligence of any such servant? if so, which one? A. No." With these issues thus found, there was nothing left of the complaint and the evidence to warrant the general verdict for plaintiff, which was for the very large sum, under the circumstances, of ten thousand dollars.

It is to be observed, also, that part of these special findings seem to be in conflict with the averments and admissions of the pleadings. The complaint avers that the section foreman was not qualified or competent to discharge his duties; and the answer admits this, and affirmatively alleges that his negligence, etc., caused the accident. And yet the jury found against the negligence of any servant.

The judgment and order are reversed, and the cause remanded for a new trial.

SHARPSTEIN, J., concurred.

THORNTON, J., concurring.—I concur in the judgment. I think the pleader in the complaint counts on the negligent and defective manner in which the track was originally constructed and subsequently maintained, as well as on other acts of negligence by the defendant. For negligence in constructing and maintaining its track, an employee can recover against a railway company. (*Trask* v. *Cal. S. R. R. Co.*, 63 Cal. 96.) But in this case the deceased, Vaughn, went out on a train sent for the purpose of repairing the track, which had been damaged by washouts caused by a severe storm which had a short time previously occurred. He knew the train was sent out for this purpose and on an errand of danger. By going on this train, he accepted the risks incident to its passage over the track. Under these circumstances, I cannot see how the plaintiffs can recover.