ALBERT H. WILKINSON v. THE ESTATE OF WILLIAM H. BAXTER.

*Mortgage—Foreclosure—Attorney's fee—Surplus—Action against mortgagee.*

1. It is illegal to include an attorney's fee in the amount for which land is sold on the statutory foreclosure of a mortgage executed prior to the enactment of Act No. 133, Laws of 1885 (3 How. Stat. § 8515a), which provides for an attorney's fee on such foreclosure.[1]

2. An attorney's fee deliberately included in the amount claimed to be due on a mortgage, and for which a sale is made on a statutory foreclosure, if retained by the attorney for the mortgagee, will be regarded as a surplus arising on the sale, and as belonging to the owner of the equity of redemption, who, if there has been no redemption, may sue the mortgagee to recover such surplus at any time before his right of action is barred by the statute of limitations.

3. The owner of a levy upon the equity of redemption, at whose request the mortgage sale has been allowed to ripen into a title, which he has purchased of the mortgagee in hostility to the title of the mortgagor, stands in the shoes of the mortgagee, and cannot recover such surplus.

---

[1] For cases bearing upon the question, see:

1. *Damon v. Deeves,* 62 Mich. 465, holding:

a—That a provision in the power of sale for an attorney's fee in case of foreclosure, if operative, is only enforceable by a statutory foreclosure, and not then unless an actual sale is made.

b—That the exaction of such attorney's fee as a condition of redemption is inconsistent with public policy.

2. *Emmons v. Van Zee,* 78 Mich. 171, holding that, while statutory foreclosures have been enjoined upon tender of the amount due, not including an attorney's fee, a sale thereunder has never been held void because such a fee was included in the sum for which the land was sold.

3. *Klein v. Bayer,* 81 Mich. 233, holding:

a—The doctrine of the head-note.

b—That where the payment of an attorney's fee, which was illegally included in the amount for which the mortgaged premises were sold, is insisted upon as a condition to redemption, such payment is not binding, and the sum paid may be recovered by the mortgagor in a proper action.

Error to Wayne. (Gartner, J.) Argued October 27, 1893. Decided November 17, 1893.

Appeal from the allowance of a claim by commissioners in probate court. The estate brings error. Reversed, and judgment entered in this Court in favor of the estate. The facts are stated in the opinion.

*John Ward,* for appellant.

*Gray & Gray,* for claimant.

GRANT, J. Frederick Schmidt and Anna C. Schmidt, his wife, executed two mortgages—one May 5, 1871, and the other April 10, 1872—to William H. Baxter, a citizen of Vermont. December 14, 1872, one Rounsavell obtained a judgment against Frederick Schmidt, and March 15, 1873, levied on these mortgaged premises. The claimant in this case was the attorney for Rounsavell, who, in 1876, conveyed to claimant his interest in the judgment and levy. April 29, 1873, Baxter commenced a foreclosure for unpaid interest. An order *pro confesso* was entered June 26, 1873, and in September, 1873, Mr. Wilkinson paid the amount due, including $100 as a solicitor's fee, provided in the mortgage. May 15, 1873, a second foreclosure was commenced, and went to decree February 21, 1874. The report of the commissioner included $100 as solicitor's fee, and this amount was likewise included in the decree, and was paid by Mr. Wilkinson. In 1874 two other foreclosure suits were instituted by Baxter, in both of which Mr. Wilkinson appeared as solicitor for Rounsavell. These suits went to decree and sale, and each included $100 solicitor's fee. At the sales the property was bid in by Mr. Wilkinson. The installments of interest due May 5 and April 10, 1875, being unpaid, the mortgagee foreclosed by advertisement. The like attorney's fees were included in the amounts claimed to be due. Upon the sales the property was bid in by Mr.

Baxter, and deeds made to him.    In August, 1876, Mr. Wilkinson paid the amount of these two bids to Mr. R. P. Toms, who was the attorney for Baxter, with an agreement that Mr. Toms should, if he could, obtain a deed from Baxter to Wilkinson, but, if not, then the moneys were to be applied in redemption.    Mr. Baxter took the money, and executed the quitclaim deed to Mr. Wilkinson. . In all these proceedings Mr. Toms was the agent and attorney for Mr. Baxter, and retained all of said attorney's and solicitor's fees for his own use, and remitted to Baxter the interest only for which the foreclosures were made.    Mr. Wilkinson made no objection or protest on account of the inclusion of the $100 fee in the several proceedings.

Mr. Toms died March 4, 1884, and Mr. Baxter January 4, 1886.    Administration was had upon Mr. Baxter's estate in the probate court of Wayne county.    Mr. Wilkinson presented claims against the estate for the $400 solicitor's fees, and the $200 attorney's fees in the foreclosures by advertisement.    The commissioners disallowed the $400, and allowed the $200.    The estate appealed to the circuit court.    Judgment was rendered in favor of claimant for the $200.    The estate alone appeals.

1. The claimant did not appeal from the disallowance of his claim of $400, and cannot, therefore, question in this Court the correctness of the judgment against him. This Court will consider only errors raised by the appellants.

2. The attorney's fees of $200, included in the foreclosure sales by advertisement, were clearly illegal.    *Millard v. Truax,* 50 Mich. 343.    These fees were deliberately included in the amount claimed to be due, and must be regarded as a surplus arising upon the sale.    This surplus did not come into the hands of the officer making the sale, but was retained by the attorney for the mortgagee, Baxter.    The reception by his attorney was the act of Mr.

Baxter, and he, if living, could not defend a suit to recover such surplus on the ground that his attorney had retained the amount.    The act of the attorney is the act of his principal.    This amount, therefore, belonged to the owner of the equity of redemption.    If, in such a case, there has been no redemption, such owner may sue the mortgagee to recover such surplus at any time before his right of action is barred by the statute of limitations. The claim in this case is not barred by the statute.

3. Mr. Wilkinson was not the owner of the equity of redemption.    He had only a levy upon such equity.    At his own request the mortgage sale ripened into a title, and he then became the purchaser of the title in hostility to the title of the mortgagor.    His position was therefore the same as was that of Mr. Baxter, and he cannot recover the amount illegally included in the sale.

Judgment must be reversed, and judgment entered here for the estate, with costs of both courts.

The other Justices concurred.