[No. 15959.   Department One.—November 13, 1895.]

WILLIAM BOWMAN ET AL., APPELLANTS, *v.* L. E.
WHITE, RESPONDENT.

PRIVATE RAILROAD—NEGLIGENCE—DUTY OF EMPLOYER TO EMPLOYEES—
    DEFECTIVE ROADBED.—The owner of a private railroad, used in connec-
    tion with lumber business, owes to his employees the duty of keeping
    the road in good repair after construction; and, if an injury to an em-
    ployee riding upon the train is proximately caused by reason of a
    defective roadbed, the employee is entitled to recover for the injury.

ID.—WASHOUT IN ROAD—OBJECT OF TRAIN—CONFLICTING EVIDENCE—
    NONSUIT—QUESTION FOR JURY.—Where an employee upon a construc-
    tion train is killed by reason of the train running into a washout, and
    there is conflicting evidence as to whether the construction train, at the
    time of the accident, was upon the track for the purpose of repairing
    defects in the road, wherever found, as it passed upon its way, or
    whether it was bound for a more distant point upon the road, no ques-
    tion of law is raised upon a motion for nonsuit, but rather a pure ques-
    tion of fact, which should be solved by the jury alone, and it is error to
    grant a nonsuit.

ID.—OBJECT OF TRAIN, WHEN IMMATERIAL—DUTY OF OWNER OF TRACK.
    If the train was bound to an ulterior destination beyond the place where
    the accident occurred, it is immaterial what its object was in going
    there, whether for wood or for the purpose of repairing the track, or
    for some other purpose; for, if it started to such point in the line of its
    duty, the owner of the road was bound to furnish a safe roadbed and
    track upon which to travel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*A. Morgenthal,* for Appellants.

Respondent is under an obligation to its servants to use reasonable care to provide and maintain a safe road-bed. (*Davis* v. *Central Vermont R. R. Co.,* 55 Vt. 93; 45 Am. Rep. 590; *Stroher* v. *St. Louis etc. Ry. Co.,* 91 Mo. 509; Shearman and Redfield on Negligence, 4th ed., sec. 406; Patterson on Railway Accident Law, sec. 288; *Trask* v. *California etc. R. R. Co.,* 63 Cal. 96, 97.) The sudden giving away of a part of the structure is evidence of negligence in its construction. (Shearman and Redfield on Negligence, 4th ed., sec. 411; Patterson on Railway Accident Law, sec. 357; *Stroher* v. *St. Louis etc. Ry. Co., supra.*) Negligence is a deduction from the facts, and must be made by the triers from the facts, whether jury or court. The court usurped the province of the jury by ordering a nonsuit. (*Chidester* v. *Consolidated Ditch Co.,* 59 Cal. 201; *McKeever* v. *Market St. R. R. Co.,* 59 Cal. 300; *McDermott* v. *San Francisco etc. R. R. Co.,* 68 Cal. 33, 34; Shearman and Redfield on Negligence, sec. 411; *Schierhold* v. *North Beach R. R. Co.,* 40 Cal. 453; *Jamison* v. *San Jose etc. R. R. Co.,* 55 Cal. 596; *Wilson* v. *Southern Pac. R. R. Co.,* 62 Cal. 172; *Noyes* v. *Southern Pac. R. R. Co.,* 92 Cal. 291; *Begum* v. *Southern Pac. Co.,* 3 San Francisco Legal News, 382.)

*Oliver P. Evans,* for Respondent.

An employee is not insured by his employer against injury by such accidents, but, on the contrary, they are incident to his employment and he cannot recover. (Civ. Code, sec. 1970; *Congrave* v. *Southern Pac. R. R. Co.,* 88 Cal. 367; *Daves* v. *Southern Pac. Co.,* 98 Cal. 19; 35 Am. St. Rep. 133; *Burns* v. *Sennett,* 99 Cal. 363; *Stevens* v. *San Francisco etc. R. R. Co.,* 100 Cal. 554.)

Garoutte, J.—Respondent, in connection with his lumber business, owned and conducted a railroad running from his mill to the timber, about eight miles distant. Upon Monday morning, December 9th, at 6 o'clock, and while it was yet dark, Victor Bowman, an ordinary laborer, in connection with the engineer, fireman, foreman, and other laborers, started upon a working or construction train over the road. They had proceeded but a few hundred yards when the train ran into a washout some forty feet in length and fourteen feet in depth. Bowman and the engineer were killed, and others of the party injured. This action was brought by representatives of Bowman for damages suffered by reason of his death; and upon the evidence offered by plaintiff a nonsuit was granted. This appeal is prosecuted from the judgment and from the order denying a motion for a new trial.

The facts of the case, as disclosed by the evidence, are quite meager, and, in addition to those already stated, it further appeared that heavy storms of rain had been prevalent for some time; that during the previous week these men with this train had been engaged in repairing the roadbed wherever damaged by the elements; that Saturday evening previous to the accident was the last time the road had been used, the washout therefore necessarily having occurred subsequent to that time. There is also evidence found in the record tending in some degree to show the cause of the washout to be traceable to the breaking of a flume of defendant which was used in carrying water to the mill, and which was situated above and near the roadbed.

The defendant was bound to keep his road in good repair after construction, and this was a duty he owed to his employees as fully and completely as to his passengers if he had been engaged as a common carrier of such; and, if the injury to an employee upon the train is caused by reason of a defective roadbed, that employee is entitled to recover for such injury; for, if the defective roadbed was the direct and proximate

cause of the inquiry, no question of the negligence of fellow-servants is involved.

There is no question of contributory negligence in this case, and the nonsuit was granted and must be sustained, if sustained at all, upon the absence of negligence upon the part of defendant; and the true determination of that question forces us to a consideration of the nature of the work carried on by the construction train in connection with its employees, and particularly as to its mission upon this fatal morning. This is not the proper time to pass upon the weight and character of the evidence, but the record discloses beyond a doubt some evidence to the effect that this train left the mill bound for a point upon the road some four and one-half miles distant, known as Rose Curve. There is also some evidence that the train was bound for that point for the purpose of there repairing the road, and possibly there is some evidence to the effect that it intended to return from that point to the mill with a load of wood. But, whatever its purpose may have been in starting for that point of destination, we think it immaterial. Its object in going there, whether it was for wood, or for the purpose of repairing the track, or for some other cause, in no way affects the question under consideration; for, if it started to that point in the line of its duty, the defendant was bound to furnish it a safe roadbed and track upon which to travel. If not absolutely bound so to do, he was at least required to exercise that degree of care in furnishing a safe roadbed and track demanded by the law. There is some evidence in the record indicating that this construction train, at the time of the accident, was upon the track for the purpose of repairing defects in the road, wherever found, as it passed upon its way; and, if that be the fact, the rule of law applicable to such a case may be found stated in *Vaughan* v. *California Cent. Ry. Co.*, 83 Cal. 18. But it is sufficient here to say that the evidence does not all point that way, and a conflict therein is clearly apparent. There being such a conflict, no ques-

tion of law was raised, but rather a pure question of fact, which should have been solved by the jury alone.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

HARRISON, J., and VAN FLEET, J., concurred.