[No. 2221. Decided July 18, 1896.]

SYDNEY JOHN PEPPERALL, *an Infant, Respondent,* v. THE CITY PARK TRANSIT COMPANY, *Appellant.*

ERRONEOUS INSTRUCTIONS — BINDING ON JURY — JUDGMENT — SPECIAL FINDINGS BY JURY.

Although an instruction to the jury may have been wrongfully given, it is binding and conclusive upon the jury. (DUNBAR and SCOTT, JJ., dissent.)

An erroneous instruction, when not complained of and excepted to, constitutes on appeal the law of the case, and the record will not be examined at the instance of the respondent for the purpose of determining wherein it is erroneous.

Where the special findings of the jury are inconsistent with the general verdict, the former controls the latter.

Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge.   Reversed.

*Graves, Wolf & Graves,* for appellant:

Upon the point that the jury is not at liberty to disregard the instructions of the court, though erroneous, counsel cite, in addition to the authorities quoted from their brief in the majority opinion, the following cases, viz.: *Farley v. Budd,* 14 Iowa, 290; *Sullivan v. Otis,* 39 Iowa, 328.

Likewise, upon the point that special findings control, when inconsistent with the general verdict, counsel cite, Gen. Stat., § 276. *Stewart v. Walla Walla P: &*

*P. Co.*, 1 Wash. 521; *Leese v. Clark*, 20 Cal. 426; *Mc-Dermott v. Higby*, 23 Cal. 489; *Indianapolis, etc., R. R. Co. v. Stout*, 53 Ind. 148; *St. Louis, etc., Ry. Co., v. Fudge*, 35 Am. & Eng. R. R. Cases, 246.

*Dawson & Plattor*, and *Fenton & Saunders*, for respondent:

Appellant is in error when it says the verdict must be right or wrong on the facts left to the jury. On the contrary, the verdict is right or wrong, on all of the facts that were submitted and those that should have been submitted to the jury. If the trial judge submits a question of law to the jury and they decide it rightly, there is no ground of exception. *Bernstein v. Humes*, 78 Ala. 134; *Thornburgh v. Mastin*, 93 N. C. 258; Thompson, Trials, § 1020; *Foll v. Muller*, 78 Ind. 507; *Krug v. Davis*, 101 Ind. 75; *Wallace v. Cravens*, 34 Ind. 534; *Whitworth v. Ballard*, 56 Ind. 279; Elliott, Appellate Procedure, § 590.

A special finding must be irreconcilably inconsistent with the general verdict, before the latter can be set aside and the former substituted in its place. *Amidon v. Gaff*, 24 Ind. 128; *Woollen v. Wishmier*, 70 Ind. 108; *Hardin v. Branner*, 25 Iowa, 364; *Gripton v. Thompson*, 32 Kan. 367; *Haas v. Chicago, etc., Ry. Co.*, 41 Wis. 44. The court will not strain the language of the special findings to override the general verdict. If possible, they will be interpreted so as to support the verdict rather than to overturn it. *Alhambra Water Co. v. Richardson*, 72 Cal. 598; *Solomon R. R. Co. v. Jones*, 34 Kan. 443. In construing the special findings, they are always considered as a whole, and one of the series cannot be singled out and that one alone used to overthrow the general verdict. *Strecker v. Conn*, 90 Ind. 469; Thompson, Trials, § 2695.

The opinion of the court was delivered by

GORDON, J.—The respondent, an infant, brought this action by his guardian *ad litem* to recover damages for personal injuries alleged to have been sustained in being run over by one of the cars of the appellant, a corporation operating an electric street railway in the city of Spokane. The complaint charges negligence upon the part of the appellant in that the car which ran over plaintiff was at the time operated " without the aid of a careful and competent conductor thereon;" also that it was operated and run " by an incompetent and negligent motorman in charge thereof, and with no other person or employee of said defendant, or any other persons in control or charge thereof;" that said motorman " operated and ran said car at a high and reckless rate of speed;" and in that, " negligently failed and neglected to ring any bell or give any alarm whatever " to the plaintiff; that he " negligently failed to look ahead of said car and guard against running against and over " the said plaintiff; and that at the time the injuries complained of were sustained the car "was out of repair and defective so that the same could not be stopped or controlled by the brakes thereon."

The answer denies the main allegations of the complaint, and affirmatively alleges contributory negligence upon the part of the plaintiff and also upon the part of his father. Upon the trial, the court, among others, gave the following instructions to the jury:

"4. You are instructed that the complaint in this case charges negligence against the defendant in that *the motorman was incompetent, and in that there was no conductor or assistant to said motorman on the car, and in that the car was out of repair, and brakes out of order,* and no bell upon it, *and in that it was run at a high*

*and dangerous speed, and in that no bell or other warning was rung by the defendant attached to the car;* and of these several allegations of negligence, you are instructed that there is no evidence before you which would permit you to consider the same, except the allegation as to the speed of the car, and as to the failure to ring the bell. You are therefore instructed not to consider any of the allegations of negligence in the complaint except these two."

The jury returned a general verdict in favor of plaintiff for the sum of $2,500, and also returned certain special verdicts or findings, only six of which we deem it necessary to notice. They are as follows:

"(1.) At what rate per hour was the car of defendant running at the time it struck plaintiff? Nine miles.

"(2.) At what rate per hour would ordinarily and reasonably prudent men engaged in like business as the defendant run a car like that of the defendant, which caused the injury in question, at the time and place where defendant's car was being operated? Five miles per hour.

"(6.) Would the injury to plaintiff have occurred had said car been running at a rate of speed found by you in special verdict two? Yes.

"(21.) How far was the plaintiff from the track of defendant when the motorman first observed him, or by the use of reasonable care and prudence could first have observed him? Fifteen feet.

"(22.) How far was the plaintiff from defendant's car when the motorman in charge first saw him, or by the use of ordinary care and prudence could have seen him? Twelve feet.

"(23.) After the motorman first saw the plaintiff did he use reasonable prudence and care to stop the car? Yes."

Upon the reception of the general verdict and special findings the plaintiff moved for judgment upon the general verdict, and the defendant (appel-

lant here) moved the court for judgment upon the special findings notwithstanding the general verdict, upon the ground that the general verdict was inconsistent with the facts specially found, ahd that the facts so found by them entitled the defendant to judgment as matter of law. The appellant's motion for judgment upon the special findings was denied and exception taken. Respondent's motion for judgment upon the general verdict was granted, and the cause appealed.

It is the contention of the appellant that by the instruction above set out the court withdrew from the consideration of the jury all the allegations of negligence set out in the complaint excepting only that the car was run at a high and dangerous rate of speed and that no bell was rung or other warning given by the defendant of the approach of the car. It must be conceded that all other allegations of negligence contained in the complaint were by this instruction expressly withdrawn from the jury's consideration, but counsel for the respondent insists very strenuously that the court erred in giving this instruction, to which the appellant replies that whether the instruction in question was rightfully or wrongfully given, it was binding and conclusive upon the jury, and constitutes upon this hearing the law of the case, and with this latter insistment we agree. This court, upon appeal from a judgment in a particular case, can only consider errors complained of by the appellant, and in the absence of a cross-appeal cannot examine the record for the purpose of determining errors alleged by respondent.

*Glenn v. Hill*, 11 Wash 541 (40 Pac. 141), is in principle applicable here, as is also *Wilkinson v. Baxter's Estate*, 97 Mich. 536 (56 N. W. 931).

But were we at liberty to go into the record for the purpose of determining whether there was evidence submitted in support of any of the other allegations of negligence charged in the complaint, and should conclude that the court erred in withdrawing the same from the consideration of the jury, it would avail the respondent nothing because the great weight of authority is to the effect that —

"A verdict of a jury, in disobedience to the instructions of the court, although the instruction itself was not correct in point of law, is a verdict 'against law.'" *Emerson v. County of Santa Clara*, 40 Cal. 543; *Savery v. Busick*, 11 Iowa, 487; *Morss v. Johnson*, 38 Iowa, 430; *Union Pacific Ry. v. Hutchinson*, 40 Kan 51 (19 Pac. 312); *Aguirre v. Alexander*, 58 Cal. 21; *Murray v. Heinze*, 17 Mont. 353 (42 Pac. 1057); *Hayward v. Ormsbee*, 7 Wis. 111; *Ryan v. Tudor*, 31 Kan. 366 (2 Pac. 797); *Irwin v. Thompson*, 27 Kans. 644, per BREWER, Justice.

In *Emerson v. County of Santa Clara, supra*, the court say :

"It matters not if the instruction disobeyed be itself erroneous in point of law; it is, nevertheless, binding upon the jury, who can no more be permitted to look beyond the instructions of the court to ascertain the law than they would be allowed to go outside of the evidence to find the facts of the case.

" . . . The consequence of such a practice would be to fearfully impair the integrity of trials by jury. The question of law in theory supposed to have been settled by the court before the retirement of the jury, and upon the determination of which exceptions has been reserved, would not have been really determined at all (otherwise, at least, than as mere abstract propositions of law), for the jury would have the right, in their retirement, to review the opinion of the court, and disregard his instructions, when they did not accord with their own notions of the law of the case, the law while thus appearing to have been settled by the court in a particular way, would, in

reality, have been determined by the jury in exactly the opposite way, and while the court would read the verdict as the finding of fact, arrived at by applying the law as the court had announced it, the verdict would, in reality, be but a reversal by the jury of the rulings of the court, for the errors in point of law, which the jury were of opinion that the court had committed. Such a practice should not, in my opinion, be countenanced here by an inquiry as to whether the below court or the jury was mistaken in point of law in the particular case."

In *Savery v. Busick, supra,* the court say :

" Whatever may be our view of the law of this case, it is impossible for us to express it, or consider the questions presented, without going behind the action of the jury in trampling upon the authority of the court, and thereby giving some countenance to their assumption. This we are unwilling to do even by the slightest implication.

" It is no more competent for the jury to usurp the powers of the court, than it is for the court to interfere with their province in the ascertainment of facts. And when the jury, in this case, arrogated to themselves the right to determine the law in direct opposition to the instructions given them by the court, they were guilty of a flagrant abuse of their duties and obligations; and we will not review this case until it is tried upon the law as it shall be expounded by the court and not by the jury."

In *Union Pacific Ry. v. Hutchinson, supra,* the supreme court of Kansas say:

" Whether the instruction is correct or not, is immaterial. It was the law of the case, by which the jury should have been guided. . . . It was the duty of the jury to obey implicitly the instructions of the trial court, and, having found a state of facts by their answers to the interrogatories constituting contributory negligence on the part of the injured party, and releasing the railway company from liability,

their verdict should have followed their findings of fact."

Aside from the general rule, our constitution provides (art. 4, § 16), that trial judges "shall declare the law." It is the duty of the court in all cases to decide questions of law arising upon the trial, and it frequently becomes a question of law for the court to determine whether, in a given case, there is any evidence to be submitted to the jury in support of an issue raised by the pleadings.

From the special findings above set out we think it clearly appears that the injury complained of by respondent was not occasioned by any negligence of the appellant in running its car at a high rate of speed or in failing to ring the bell or sound the gong, and inasmuch as the jury were restricted by the instruction of the court to the consideration of the evidence bearing upon these allegations of negligence, their general verdict should have been in accordance with such special findings, and where the special findings of the jury are inconsistent with the general verdict, the former controls the latter. *Lake Shore, etc., Ry. Co. v. McCormick*, 74 Ind. 440; *Vaughn v. California Central Ry. Co.*, 83 Cal. 18 (23 Pac. 215); *Felton v. Chicago, etc., Ry. Co.*, 27 Am. & Eng. R. R. Cases, 229 (29 N. W. 618).

Reversed and remanded.

Hoyt, C. J., and Anders, J., concur.

Dunbar, J. (*dissenting*).—I dissent. I am forced to confess that the authorities are divided upon the main proposition discussed in the opinion, and indeed it seems that, from such investigation as I have been able to make, the weight of authority sustains the majority decision, although there are some cases, and comparatively recent ones too, which take the

other view.   If, however, the authorities were uniform in holding that where a jury decides a question of law rightly, which had been submitted to them erroneously by the court, such rightful decision would be ground of error, I could not give my assent to such doctrine; because it seems to me to be absurd and opposed to the plainest principles of common sense. The only object of an appeal to this court is to enable the court to determine whether a fair trial has been accorded to the litigants below.   How can it be said that an error of law has been committed, if the jury has decided the law correctly, notwithstanding the fact that it is the duty of the court to instruct the jury as to what the law is?   The essential thing is that the case should be decided under the law, and if the jury decides it under the law which this court deems to be correct, then the object of the law is met.   If the court had instructed the jury, as we will presume for the purposes of this case that it did, erroneously, and the jury had followed the instructions of the court, the verdict must necessarily have been erroneous and the case would have been reversed on appeal to this court.   The respondent could not have corrected it below nor taken any exceptions to it, because it was in his favor.

It is true that, under the theory of the law generally, and under the rule laid down by our constitution in particular, the trial judges shall declare the law. The language of the constitution is "declare the law." But it presumes that the law shall be correctly declared, or, in other words, that the *law* shall be declared, and not something which is not the law, or which this court finds not to be the law.   It has been the uniform announcement by this court that, where error was committed by the court in its instructions to

the jury, if it affirmatively appeared that no other verdict could have been rendered under the law and the facts than the verdict which was rendered by the jury under the erroneous instructions, such error would be error without prejudice and would not warrant a reversal of the cause. Nay, it has often been held that, where misconduct of the jury was proven and yet it conclusively appeared that such misconduct was not responsible for the verdict or that the verdict could not under the law and the testimony have been otherwise, such misconduct would not be error. Then, under what theory can it be held that the misconduct of the jury in a case of this kind—and I will concede it to be misconduct, and further concede that it was the duty of the jury to receive the instructions of the court as the law of the case—can be reversible error? When the case, for this alleged error, is reversed and sent back for trial, all that can be done eventually, if the case is correctly decided, is to affirm the verdict of the jury already rendered, and it simply puts the litigants to the useless expense of another trial. The logic of this kind of a ruling is that the verdict and judgment in favor of the respondent should be set aside because it does not follow the instructions of the court; and if the jury had followed the instructions of the court the judgment must necessarily have been set aside because the verdict was rendered under an erroneous instruction by the court. It seems to me too plain for argument that, where the judgment was rendered by the jury under the law, the object of the law has been attained and the parties should not be subjected to the expense and delay of another trial.

The judgment in my opinion should be affirmed.

SCOTT, J., concurs in dissenting opinion.