VILLALVA et al. v. BROWN.

(Court of Civil Appeals of Texas. El Paso. May 30, 1912. Rehearing Denied June 19, 1912.)

1. TRESPASS TO TRY TITLE (§ 38*)—PRESUMPTIONS—TITLE TO LAND.

There is no presumption of title in a grantor based on his undertaking to convey, as where one purports to convey as an heir, even though the conveyance be ancient.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

2. TRESPASS TO TRY TITLE (§ 44*)—CAPACITY TO CONVEY—JURY QUESTIONS.

In trespass to try title, *held*, under the evidence, a jury question whether a certain person was dead when his wife and daughter conveyed land belonging to him as his heirs.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 66; Dec. Dig. § 44.*]

3. TRIAL (§ 83*)—EVIDENCE—GROUNDS OF OBJECTION.

A deed may be inadmissible on the ground of immateriality in the absence of proof of the grantors' heirship, under which title is derived, but not on the ground of incompetency.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–210; Dec. Dig. § 83.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Trespass to try title by M. W. Brown against Jesus Villalva and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

T. C. Lea, R. V. Bowden, R. T. Neill, H. R. Gamble, W. H. Winter, and George Estes, all of El Paso, for appellants. R. C. Walshe and P. R. Price, both of El Paso, for appellee.

HIGGINS, J. Appellee in trespass to try title recovered certain premises in the city of El Paso, a part of land originally granted to Juan Maria Ponce de Leon. No conveyance from the grantee appears, and appellee claims under a deed from Dolores Ponce de Leon and Josefa Ponce de Leon Varela, the last named being joined by her husband, Mariano Varela, to Wm. T. Smith, dated March 25, 1854, filed for record June 10, 1854, and recorded in the deed records. Appellants claim title under the 10-year statute of limitations. Upon trial the jury was instructed that appellee had shown record title in himself, and to find in his favor unless they found for appellants upon their plea of limitation.

It was shown by the testimony of Montes that Dolores Ponce de Leon and Josefa Ponce de Leon Varela were the wife and daughter, respectively, of Juan Maria Ponce de Leon, and that they survived him, but there is no direct evidence whatever to fix the date of his death. The witness Judge Edwards testified to his death, but did not know when it occurred. Montes, after testifying to his death, upon direct examination stated that it occurred before the war between the United States and Mexico, but upon cross-examination stated that he did not know when he died, but that he was still living at the time of this war. The deed to Smith contained no recitals of the death of Juan Maria Ponce de Leon or of the heirship of the grantors, but, if the date of his death were established, there was ample testimony to warrant the court in assuming their heirship and consequent ownership of the land so as to pass the title by their deed to Smith. The correctness of the trial court's action in instructing the jury that the record title was vested in appellee is raised by the twentieth assignment complaining of the refusal to give a special charge submitting to the jury for their determination the question of whether or not Juan Maria was dead at the date of the execution of the deed.

[1, 2] Dolores, the wife, and Josefa, the daughter, had no title to convey unless the husband and father was dead at the time they undertook to convey, and we do not think under the evidence that the court was authorized in assuming as a proven fact that he was dead at the date of the deed and in withdrawing this issue from the jury. In support of the court's action, appellee propounds the proposition that capacity in persons to convey is presumed, and the burden is on any one attacking the conveyance to prove want of capacity. This is a correct proposition in so far as it relates to capacity, in the sense that one does not labor under any legal disability, such as minority or insanity. Authority to convey the community estate by the surviving spouse and by one claiming authority to convey under a power of attorney may also be presumed under certain circumstances, but capacity or authority to convey in those senses is quite a different thing from capacity or authority to convey dependent upon the grantor owning the title. We know of no presumption of the law that one is presumed to have title

based upon the fact alone that he undertakes to convey. The fact that the conveyance is ancient does not affect the question. The authority to convey of the parties mentioned was dependent upon them having title to the land, and their title was dependent upon the fact that Juan Maria was dead at the date they conveyed to Smith. Scharzhoff v. Necker, 1 Posey, Unrep. Cas. 325; 2 Greenl. on Ev. (16th Ed.) p. 576; 4 Enc. of Ev. p. 354; Hayward v. Ormsbee, 7 Wis. 111; San Antonio, etc., v. Campbell, 110 S. W. 770; Roche v. Lovell, 74 Tex. 191, 11 S. W. 1079; Dunman v. Cloud, 3 Tex. Civ. App. 457, 22 S. W. 529; Ross v. Blount, 25 Tex. Civ. App. 344, 60 S. W. 894; Gorman v. State, 23 Tex. 646; Williams v. Williams, 63 Wis. 58, 23 N. W. 110, 53 Am. Rep. 253; Musselman v. Strohl, 83 Tex. 473, 18 S. W. 857; Ruedas v. O'Shea, 127 S. W. 891. It follows, therefore, that the court erred in assuming that the title passed because the evidence was not such as would authorize it in assuming as a proven fact that he was dead, but it was for the jury to determine under all of the facts. Proof of the fact that Juan Maria died, leaving these grantors as his surviving heirs, coupled with corroborating circumstances, would authorize the submission to the jury of the question of whether he died prior to the date of the Smith deed, and would support an affirmative finding upon the issue. Watkins v. Smith, 91 Tex. 589, 45 S. W. 560.

[3] The question presented by this special charge was attempted to be raised by objections to the admissibility of the deed in evidence, but we think this question relates, not to the competency of the instrument, but rather to its sufficiency under the facts, and the first, second, third, and fourth assignments are therefore overruled. An objection of immateriality, until proof of death and heirship had been made, might bear upon the question.

Few of the remaining assignments are presented in such manner as to require consideration. Such as are properly presented are overruled without comment.

Reversed and remanded.