Filed March 15, 1889.

No. 13,616.

MITCHELL v. WEAVER.

SHERIFF'S SALE.—*Excessive Judgment.—Reformation After Sale.—Damages.—Implied Contract.*—Where a judgment creditor bids the full amount of his judgment and costs for land subject to the lien, pays the costs and receipts the sheriff for the remainder of his bid, and, after notice of the filing of a complaint to correct the judgment, demands and receives a sheriff's deed to the land and asserts title thereunder, the owner of the land, upon affirming the sale, may recover from him, as upon an implied contract, the difference between the amount of his bid and the amount of the judgment as corrected.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*W. R. Harrison, G. A. Adams* and *J. S. Newby,* for appellee.

ELLIOTT, C. J.—It is alleged in the complaint of the appellee that, on the 18th day of April, 1881, Abraham Weaver was the owner of a tract of land; that he mortgaged it on that day to Samuel M. Mitchell to secure a debt of $6,-500; that he agreed with the appellee, in consideration that she would join with him in the mortgage, to convey the land to her, subject to the mortgage; that he did convey the land to her on the 21st day of April, 1881; that the deed executed on that day was lost; that, on the 17th day of November, 1885, he executed to her a deed in lieu of the one which had been lost, and that this last deed was recorded; that on the 29th day of November, 1884, Mitchell instituted a suit to foreclose his mortgage, and secured a judgment for $8,461 and a decree of foreclosure; that, on the 3d day of January, 1885, the land was sold upon the decree; that Mitchell bid for it $8,638.76, and received a certificate from the sheriff; that Mitchell paid the sheriff $173.67, the costs of the suit and sale, and receipted to him for the remainder of the judgment; that, on the 16th day of February, 1885, Abraham Weaver and others filed a complaint to correct the judgment; that, notwithstanding the fact that Mitchell had notice of the filing of that complaint, and that the judgment was rendered for $760 more than was owing him, he demanded and procured from the sheriff, on the 3d day of January, 1886, a deed for the mortgaged premises, and by virtue of the deed asserts title to the land and claims possession, although he knew that it had been conveyed to the appellee; that Mitchell has never paid any part of his bid except $173.67, and that the appellee has demanded of him the sum of $744.17, which he refuses to pay; that, on the 17th day of February, 1886, an order was duly entered correcting and reforming the judgment rendered in favor of Mitchell, and it was adjudged that the judgment entered in his favor exceeded the amount due him in the sum of $744.17. It is also alleged that the land embraced in the mortgage was of

the value of $12,000. To this complaint Mitchell unsuc-cessfully demurred.

The decision of the trial court reforming the original judgment is conclusive as against any collateral attack, and is, of course, conclusive here, but it does not adjudicate the issue joined in this case. The issue here is, whether the appellee has a right to a judgment for money against the appellant, and not whether the original judgment was wrong.

The appellee can only recover upon the cause of action stated in the complaint, and in accordance with the theory on which it proceeds. *Feder* v. *Field*, 117 Ind. 386; *Moorman* v. *Wood*, 117 Ind. 144; *Mescall* v. *Tully*, 91 Ind. 96. The question, therefore, is not what relief the appellee may have, but whether she can secure any relief under the complaint as it is constructed. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Supreme Lodge, etc.*, v. *Knight*, 117 Ind. 489. The only relief, if any, which she can be awarded, under the theory adopted and the remedy chosen, is a judgment for damages, and if she is not entitled to that relief the complaint is bad.

In order to entitle her to recover damages it must appear that the appellant, Mitchell, has committed an actionable wrong by violating an express or an implied contract.

There was no express contract between the parties. Mitchell did not promise to pay the appellee any money or to do any act. If, therefore, there is no implied contract there can be no recovery, and the question is, was there an implied contract? We think that the facts stated in the complaint are such as authorize the conclusion that there was such a contract. The appellant bid a specified sum for the land, he demanded and received a deed after notice of the filing of the complaint to reform the judgment, and he asserts title under his deed to land which he knew was owned by the appellee, and is of the value of $12,000. Upon the facts confessed by the demurrer, he can not hold the land without paying the amount of his bid, for the amount in excess of his judgment belongs to the owner of the land. As he has

Mitchell *v.* Weaver.

elected to hold the land, and the appellee has elected to part with title and hold him to his bid, equity requires that he should pay it. She is doubtless estopped by her conduct from asserting any title, and he will, therefore, acquire a perfect title when he pays the full amount he bid for the land. The complaint does not present the question of the appellant's right to treat the sale as voidable, for he confesses that he has affirmed it and asserts title under it. As he affirms the sale and the appellee holds him to his affirmance he can not escape the payment of his bid. He can not claim title and yet refuse to pay what he promised. He must do one thing or the other, repudiate the sale or pay the full amount of his bid. He did not pay it, for he simply receipted to the sheriff, and as he receipted for $744 more than his judgment amounted to, he has in his hands that much more money than he is entitled to, and must pay it to the person whose land he has secured. If the owner had repudiated the sale instead of affirming it, then a very different question would be presented.

We hold the complaint good.

The evidence makes a stronger case than the complaint, and as the complaint is good the finding must be right.

Judgment affirmed.

Filed March 12, 1889.