[No. 2959. Decided December 23, 1898.]

## J. B. MOODY et al., Appellants, v. NORTHWESTERN AND PACIFIC HYPOTHEEK BANK, Respondent.

FORECLOSURE SALE—BID IN EXCESS OF JUDGMENT—ACTION BY MORTGAGOR FOR SURPLUS.

Where upon the foreclosure of a mortgage the plaintiff in the action bids a sum of money at the sale in excess of the judgment debt and costs, the mortgagor may recover the surplus over the actual amount necessary to satisfy the judgment, in an action against the plaintiff as upon an implied contract.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

Roche & Ellsworth, for appellants.

Blake & Post, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was instituted by the plaintiffs, as assignees of the respective judgment debtors in three several mortgage foreclosure proceedings, to recover the difference between the amount bid for the property at the respective foreclosure sales and the sum actually paid in satisfaction of the judgments therein. Three separate causes of action are embraced in the complaint, all based upon the same character of facts and subject to the same rules of law. The complaint, for a first cause of action— and the other two causes are similar—alleges that at all

the times hereinafter mentioned the defendant was, and now is, a corporation duly organized and existing under the laws of the kingdom of the Netherlands, doing business under the laws of the state of Washington; that in a certain action in the superior court of the state of Washington in and for Spokane county, in which said defendant was plaintiff and one Peter Costello and others were defendants, the plaintiff recovered judgment in said action against the said defendants for the sum of $24,413.90, which sum includes all costs and disbursements in said action, being the total amount of certain indebtedness due from said Peter Costello to said plaintiff, and which indebtedness was secured by a mortgage given by said Peter Costello; that at all times between the 4th day of January, 1891, and the 7th day of January, 1895, one F. K. Pugh was the duly elected, qualified and acting sheriff of Spokane county, state of Washington; that, for the purpose of satisfying the aforesaid judgment, an execution or order of sale was duly and regularly issued out of said court to said sheriff, who was ordered by said court to sell, and did, on April 20, 1894, sell the land and premises described in said mortgage and decree according to law, and that at said sale the defendant herein became the purchaser of said premises for the lump sum of $24,658.05, and that afterwards said sale was duly and regularly confirmed by order of the court; that the full amount due from said defendant Peter Costello to the defendant herein on said judgment and decree, including costs, disbursements and accruing costs, was $24,413.90, and no more, leaving a surplus of $244.15, which sum of money the said sheriff claimed as commission for making the said sale, and which sum of money the said Peter Costello was, in truth and in fact, entitled to as a surplus as aforesaid; that the defendant, instead of paying the sheriff the full sum of $24,658.05, paid the said sheriff the sum of $24,413.90,

and no more; that the defendant, on or about the said 20th
day of April, 1894, for the purpose of, and with the intent
to cheat, defraud and deceive said Costello, collusively
entered into a secret agreement with the said sheriff that
the said sheriff should make a false return on said order
of sale, showing that he had received the full amount of
the purchase price of said premises as aforesaid, and had
turned the same over to the treasurer of the said county;
that, as an inducement for the sheriff to make such false
return, the defendant herein agreed to pay over or to re-
imburse the said sheriff and hold him harmless from any
loss or liability on account of said false return; which
unlawful and collusive agreement and arrangement was a
secret and unknown agreement and was not known to said
Costello, or the plaintiffs herein, until about the 24th day
of June, 1897; that the said Peter Costello and the
plaintiffs herein relied upon the return of the said sheriff
and believed the same to be true; that they were thereby
misled and deceived, and, relying on said return, which
was in fact and in truth false, and believing the same to be
true, and that the said sheriff had collected said surplus
and paid the same to the treasurer of Spokane county, and
that the same was in his hands, plaintiffs did, on or about
the month of November, 1896, bring an action against the
county of Spokane for the recovery of said sum of $244.15,
and that on the trial of said cause, on or about June 14,
1897, discovered for the first time that the said defendant
herein had made and entered into the secret agreement
and fraudulent arrangement with the sheriff as aforesaid,
and that defendant had been permitted by said arrange-
ment to retain said surplus and had not paid the same to
the sheriff or any other person; which sum of money the
defendant has not paid, or any part thereof; that on or
about the 18th day of June, the plaintiffs demanded the
payment of said sum from the defendant herein, who then

and there refused, and ever since has refused to pay the same, or any part thereof; that on or about the......day of.........., 1896, the said Peter Costello duly assigned the said claim to these plaintiffs, who are the owners and holders thereof; that the said defendant has not paid said sum, or any part thereof, to the plaintiffs on account of said claim, and that the term of office of said F. K. Pugh, as sheriff of said county, expired on the......day of January, 1895, and that the said F. K. Pugh and his bondsmen are wholly insolvent and have no property from which the plaintiffs can make said claim.    The defendant interposed a demurrer to each of the alleged causes of action on the ground that the complaint failed to state sufficient facts to constitute a cause of action against the defendant, which demurrer was sustained; and the plaintiffs declining to plead further, judgment of dismissal was entered upon motion of the defendant.    From this judgment and order the plaintiffs have appealed to this court, and assign the said rulings of the court as error.

In the case of *State ex rel. Thompson v. Prince,* 9 Wash. 107 (37 Pac. 291), this court held that a sheriff is not entitled to commissions upon a sale of mortgaged premises under a decree of foreclosure, where the mortgaged property is bid in by the plaintiff and the amount bid applied in satisfaction of the judgment, no money passing through the sheriff's hands; and in *Soderberg v. King County,* 15 Wash. 194 (45 Pac. 785, 55 Am. St. Rep. 878), it was held that, where a sheriff upon a sale of mortgaged premises under a decree of foreclosure, and where the property was bid in by the plaintiff in the foreclosure suit, collected commissions on the sale and paid the same over to the county treasurer, under the mistaken belief that it was his duty so to do, the judgment debtor could recover the amount so paid to the county treasurer, in an action against the county.    The only difference in the facts be-

tween the case last cited and the case at bar is that here the money was never paid to the sheriff or to the county, or in fact to any one, while there it was paid to the sheriff in accordance with the bid; and the question is whether the plaintiffs and appellants in this action can recover the surplus directly from the purchaser at the foreclosure sale. This seems to be disputed, and it is claimed by the learned counsel for the respondent that the complaint fails to state a cause of action, either for money had and received, or upon a contract, expressed or implied. It is evident that this is not an action for money had and received, but we think counsel are mistaken in their contention that the complaint fails to state facts constituting a cause of action upon a contract expressed or implied. The complaint in each cause of action expressly states that the respondent bid a lump sum for the mortgaged premises at the respective sales, and, that being confessed by the demurrer, it states facts which in law constitute a promise to pay the sum bid. It appears that the sales in each of the foreclosure proceedings were duly and regularly confirmed by the court upon the motion of the respondent, and that the property has never been redeemed by the appellants. or their assignors. The respondent then occupies the position of one claiming the property purchased, and at the same time refusing to pay therefor the full amount bid for it at the time of the purchase. The fact that it may not have intended at the time of the sale to bid more than the amount of the judgment is immaterial, as it must be held that the debtor was entitled to the full amount of the purchase price. And, as there appears to be a difference between such purchase price and the actual amount paid by the respondent on the judgments, viz., the amount of the debt and all costs, the respondent ought in equity and good conscience to pay that difference to the person whose prop-

27—20 WASH.

erty he has acquired. *Mitchell v. Weaver,* 118 Ind. 55 (20 N. E. 525, 10 Am. St. Rep. 104) ; *Negley v. Stewart,* 10 Serg. & R. 207 ; *Miltenberger v. Hill,* 17 La. An. 52.

In *Mitchell v. Weaver, supra,* the question now under consideration was directly involved. The action in that case was brought by the execution debtor to recover from the purchaser, who was the plaintiff in execution, the sum of $744, which was wrongly included in the judgment and which judgment had been corrected by proper proceedings in court; and the court held that the plaintiff was entitled to recover, remarking:

" He [the defendant] cannot claim title and yet refuse to pay what he promised. He must do one thing or the other, repudiate the sale or pay the full amount of his bid. He did not pay for it, for he simply receipted to the sheriff, and as he receipted for $744 more than his judgment amounted to, he has in his hands that much more money than he is entitled to, and must pay it to the person whose land he has secured."

And the other two cases cited are to the effect that an action like this can be maintained, though in neither of them is the sufficiency of the complaint discussed.

Our conclusion is that the complaint states a cause of action in favor of the plaintiffs; and the judgment is therefore reversed and the cause remanded to the lower court, with directions to overrule the defendant's demurrer.

DUNBAR, GORDON and REAVIS, JJ., concur.