[No. 12971.   Department Two.   May 31, 1916.]

MICHAEL TONER, *as Sheriff, Respondent,* v. R. G. PAGE *et al.,*
*Appellants.*[1]

EXECUTION — RETURN — CORRECTION — REMEDIES OF SHERIFF.   A
sheriff cannot maintain a civil action to correct his erroneous return
on execution, which showed he had received a larger sum than the
actual amount, his remedy being by motion in the original cause;
nor can such action be treated as the equivalent of a motion.

Appeal from a judgment of the superior court for Yakima
county, Grady, J., entered April 13, 1915, in favor of the
plaintiff, in an action to reform a sheriff's return on execu-
tion sale, tried to the court.   Reversed.

*Driscoll & Leonard,* for appellants.

*Sharpstein, Pedigo, Smith & Sharpstein, J. G. Thomas,*
and *W. A. Toner,* for respondent.

BAUSMAN, J.—Suit by a sheriff to correct his return which,
he says, erroneously stated his having received on execution
sale a much larger sum than the actual amount.   The sale
had long since been confirmed in the greater sum and the
sheriff was already sued by an assignee of the judgment
debtor in another court for the surplus.   The present suit is
a formal civil action with many defendants, yet what is
sought by the complaint and awarded by the decree is not the
setting aside of the sale, but a mere correction of the stated
amount.

The sheriff has chosen the wrong procedure.   His remedy
is by motion in the original cause, where courts have ample
power on proper showing to do justice in this respect to
their own officers.   11 Cyc. 1374; 3 Freeman, Executions,
§ 358 *et seq.*  For this relief we know of no civil action.   The
formal, expensive machinery of suit is not to be set in mo-
tion every time an officer of court seeks to correct the lan-

[1]Reported in 157 Pac. 866.

guage of his return on summons, attachment, writs, or executions. Nor can we treat formal action as the equivalent of application in the original cause, for such procedure would undoubtedly expose other parties to questions of *res adjudicata* in such suits as they may have begun upon the existing record. Here it is noticeable that the plaintiff, while he attempts to get the benefits of the full procedure of the superior court, at the same time denies to defendant the right to counterclaim, arguing that this is no ordinary action. Neither does he conceive himself subject to statutes of limitation applicable to civil suits.

The objection of appellants to the jurisdiction of the superior court is sustained, and the cause is reversed with orders that the action be dismissed without prejudice to either party.

. MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.