[No. 19192.   Department One.   August 31, 1925.]

DELLA J. REED, *Respondent,* v. NATIONAL GROCERY
COMPANY, *Appellant.*[1]

PLEADING (27)—COMPLAINT—THEORY AND FORM OF ACTION. Objection cannot be made to the form or theory of the complaint, which was an affidavit filed in another proceeding, where at the trial it was agreed to treat it as the commencement of a new action, plaintiff paid a filing fee therefor, and the trial proceeded by consent of both parties.

JUDGMENT (167)—CONSTRUCTION—PARTIES LIABLE. In an action in which the sheriff was a party, by virtue of holding money under an execution, pursuant to an agreement with the execution plaintiff, the latter cannot object to judgment against it, as it is immaterial whether the sheriff or the execution plaintiff pays the judgment.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered August 30, 1924, upon findings in favor of the plaintiff, in an action to recover money paid to release an attachment, tried to the court. Affirmed.

*Bronson, Robinson & Jones* and *W. L. Grill,* for appellant.

*Philip Tworoger,* for respondent.

MITCHELL, J.—The National Grocery Company, a corporation, commenced an action against J. R. Crowder and C. R. Wildes on account. It sued out a writ of attachment that was levied by the sheriff by one of his deputies on a stock of merchandise belonging to the partnership of Crowder and Wildes. At the levy of the writ, a representative of the grocery company was present. In certain respects there is a dispute as to what occurred at that time, but it appears from a preponderance of the evidence, and the court so found, that Della J. Reed, who held a duly recorded chattel mortgage on the stock of goods, was present and that

[1]Reported in 238 Pac. 990.

it was agreed among all of the parties and accordingly she gave to the sheriff $409.12 to release the levy, with the understanding that she should have an opportunity to consult her attorney with reference to protecting her interests under her mortgage, and with the further agreement that, after such consultation with her attorney, if she desired she could have her money back, in which event the sheriff should retake possession of the goods under the writ. She promptly consulted her lawyer and then, both verbally and in writing, advised the sheriff that he could retake possession of the goods, and at the same time she demanded the return of the money she had placed with him. The sheriff refused to return the money. She then filed an affidavit in the cause setting up the facts and asked for an order directing the sheriff to return the money. The National Grocery Company appeared, and in answer to the allegations of the affidavit alleged that the money had been deposited with the sheriff conditioned that Della J. Reed should try out the validity of her chattel mortgage, and in the event it was not held superior to the attachment, that then the money should be held instead of the goods to satisfy any judgment obtained against Crowder and Wildes. But, as already stated, the court found, and we think correctly, in favor of Della J. Reed as to her version of the transaction, that the deposit was only temporary and as she alleged. There was a judgment for her. The grocery company has appealed.

At the call of the case for trial, some question arose at the instance of the court as to the form of the pleadings and kind of action; that is, as to whether the proceedings were properly in the original case of the grocery company against Crowder and Wildes instead of a new action. Upon that suggestion by the court, counsel for Della J. Reed stated. "If Your Honor thinks a new action should be filed I am satisfied to try this as a new ac-

tion.'' To which counsel for the grocery company replied ''that is agreeable to us. We want to dispose of it.'' Thereupon Della J. Reed paid a docket fee to the clerk, the affidavit was treated as a complaint, and the new matter in the answer that had been filed by the grocery company was, by consent of the parties in open court, treated as denied and the trial proceeded. The informality in the pleading, that is, affidavit form rather than the usual terminology of a complaint, was immaterial. Issues were presented that the party now complaining then said it then wanted disposed of, and were entirely sufficient for that purpose.

Complaint is also made because the judgment runs against the grocery company, while the allegations and proof show that the sheriff has the money. No question seems to have been raised over this in the trial court. The sheriff was acting for the grocery company in levying an attachment it had sued out. The grocery company was present by another representative at the time the money was placed with the sheriff and was a party to that agreement. A judgment is to be construed according to the pleadings from which it comes. In this case, by the pleadings, the sheriff was a party with the grocery company, and when either the sheriff or the grocery company pays the judgment the grocery company will no longer owe it.

Exceptions were taken to the findings and conclusions and they are presented as assignments of error, but what has already been said disposes of them against the appellant.

Judgment affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.