[No. 24849. Department One. July 25, 1934.]

J. H. GOLLEHON, *Appellant,* v. OLIVE O. GOLLEHON, *Respondent.*[1]

*Dyar & Aten* and *Robertson & Smith,* for appellant.

*Pettijohn & McCallum,* for respondent.

MAIN, J.—This action is based on a promissory note. The defendant denied liability because she had been

[1]Reported in 34 P. (2d) 1113.

relieved therefrom by a discharge in the Federal bankruptcy court. The trial resulted in findings of fact, from which the court concluded that no recovery could be had upon the note. From the judgment dismissing the action, the plaintiff appeals.

December 5, 1925, C. R. Gollehon and Olive O. Gollehon, his wife, the respondent, signed a promissory note in the sum of $1,325, payable to J. H. Gollehon, the appellant. October 19, 1927, the makers of the note filed in the district court of the United States for the eastern district of Washington, northern division, their voluntary petition praying for an adjudication of bankruptcy, and on the same day such adjudication was made. The makers of the note attached to their petition a statement of all their debts, which included the note in question. They also scheduled all of their community property. Whether C. R. Gollehon at the time had any separate property, does not appear. The findings in this case expressly recite that the respondent, Olive O. Gollehon, "had no separate property at the time of filing said petition." March 14, 1928, an order of discharge was entered in the bankruptcy court.

Subsequently, the present action was begun against the respondent, and it is first said that she, as the wife of C. R. Gollehon, could not be joined in a bankruptcy proceeding .with her husband and thereby obtain a discharge from her separate debts and liabilities.

In the bankruptcy proceeding, that court had jurisdiction of the parties and of the subject matter, and whether the respondent could be joined in that proceeding with her husband and be discharged from her separate debts, cannot be collaterally attacked in this proceeding. A discharge in the Federal bankruptcy

court cannot be impeached in any collateral proceeding, except on the ground of want of jurisdiction.

In 34 C. J. p. 517, it is said:

''An adjudication of bankruptcy, made by the proper federal court, cannot be impeached in any collateral proceeding, except on the ground of a want of jurisdiction. The rule applies also to a discharge in bankruptcy.''

That the present action is a collateral attack on the discharge in bankruptcy there can be no question. As stated, this action seeks to recover a judgment upon a promissory note, and collaterally asks the court to disregard the bankruptcy proceeding.

It is further said that, in any event, the order of discharge in bankruptcy did not, by the language used, operate to relieve the respondent from her individual debts. It may be admitted that the order, taken by itself, is somewhat ambiguous, but in such a case the entire judgment roll may be looked to for the purpose of interpretation.

In 34 C. J. p. 504, it is said:

''If ambiguous as to the identity of the successful party, or the capacity in which he recovers, the judgment will be read in the light of the pleadings and other parts of the record.''

When the order of discharge in bankruptcy in this case is read in connection with the petition for adjudication, the order thereon and the petition for discharge, it is reasonably plain that it was the intention by the latter order to discharge the respondent, not only from her community liabilities, but from her individual debts as well.

It does not appear to be claimed that C. R. Gollehon, the husband of the respondent, was not discharged from his individual debts by reason of the bankruptcy proceeding, and, if he was so discharged, we see no

reason why the respondent would not likewise be discharged.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and TOLMAN, JJ., concur.