[No. 25994. Department One. April 13, 1936.]

HOWARD H. HANSEN, *as State Supervisor of Banking, Respondent,* v. SMART APARTMENTS, INC., *et al., Defendants,* EVA G. GEORGE, *Appellant,* W. B. SEVERYNS, *as Sheriff of King County, Respondent.*[1]

[1]Reported in 56 P. (2d) 670.

*E. P. Whiting* and *H. A. M. Bonnar,* for appellant.

*Warren G. Magnuson, William Hickman Moore, Bausman, Oldham, Cohen & Jarvis,* and *Perry R. Gershon,* for respondents.

GERAGHTY, J.—This is an appeal from an order of the superior court of King county, directing the amendment of a return made by Claude G. Bannick, former sheriff of King county, in a mortgage foreclosure proceeding.

Stated in brief, the facts are: Howard H. Hansen, as supervisor of banking and liquidator of the Spokane Savings Bank, brought an action against the Smart Apartments, Inc., to foreclose a mortgage on real estate, given to secure payment of a note in the sum of $78,000. Certain other persons who had guaranteed the note to the extent of $15,000 were named as defendants. Later, Eva G. George, the appellant, was brought in as an additional defendant, upon an allegation that she claimed some right under a junior lien.

After the trial, the court made findings of fact and concluded, as a matter of law, that plaintiff was entitled to judgment against the Smart Apartments, Inc., in the sum of $71,548.89, with interest and costs, and judgment against the guarantors of the note

" . . . for the amount that may be rendered in favor of the plaintiff and against the defendant Smart Apartments, Inc., a corporation, over and above the sum of $63,000, but not more than the total sum of $15,000."

A decree of foreclosure was entered, in which the plaintiff was given a judgment for the sum of $79,892.95. Plaintiff was also given judgment against the guarantors in the sum of $15,000. The judgment

against the guarantors contained no qualifying or limiting provisions, such as were embodied in the findings and conclusion, so that, on its face, the judgment ran against the Smart Apartments, Inc., for $79,802.95, and against the guarantors for the full $15,000.. Subsequently, an order of sale was issued, directed to the sheriff, Claude G. Bannick, reciting that,

"WHEREAS, in the above entitled Court, on the 29th day of January,.1934, the plaintiff recovered a judgment against defendant SMART APARTMENTS, INC., a corporation which is for the sum of Seventy Nine Thousand Eight Hundred Ninety-Two & 95/100 Dollars ($79,892.95) with interest from January 29, 1934, at the rate of 7% per cent per annum, and costs of suit, taxed at $14.80 with interest on costs from Jan. 29, 1934, at the rate of 7% per cent per annum, And against the defendants Glenn M. Johnson and Olive M. Johnson, his wife, individually and as a community; and against the defendants Q. E. Lamberth and Gladys M. Lamberth, his wife, individually and as a community; and against defendant Myrtilla M. Hart, a widow, in the total sum of $15,000 with interest at 6% from January 29, 1934 . . ."

and ordering him to sell the mortgaged property, described in the order of sale, to satisfy the judgment.

Following the receipt of the order of sale, the sheriff posted and published notices of sale, in which the amount of the judgment to be satisfied was given as $94,892.95, the total of the two sums, plus the interest and costs.

Prior to the sale, the attorneys for the supervisor addressed a letter to Mrs. L. E. Anderson, a deputy in the sheriff's office, requesting the office to bid in the property, on behalf of their client, for the full amount of the judgment, at the forthcoming sale. Following this direction, at the sale a bid was made by the deputy in charge, on behalf of the plaintiff, for $95,667.25.

A return of sale was made by Sheriff Bannick, by

L. E. Anderson, deputy, in which it was recited that the property had been bid in by Hansen, as supervisor of banking, for the sum of $95,667.25. Thereafter, the sale was confirmed and a certificate of purchase duly issued to the purchaser. In due course, upon expiration of the period of redemption, a deed was issued, reciting the consideration. There is also in the record a certified copy of the execution docket, satisfied by the attorneys for the supervisor, in which acknowledgment is made of the receipt of $95,667.25.

After the period of redemption had expired and a deed had issued to the supervisor of banking, the appellant, Eva G. George, brought an action against the supervisor, setting out in her complaint the proceedings had in the foreclosure suit, the purchase by the supervisor of the property at the sheriff's sale, his bid of a sum in excess of what was necessary to pay the mortgage indebtedness, leaving a surplus applicable to the payment of her second mortgage, that this was not accounted for, and praying that she recover from the supervisor the sum of $3,950, with interest, costs, and attorney fees, being the sum due upon her second mortgage.

Following the institution of the suit by the appellant, George, W. B. Severyns, successor to Claude G. Bannick as sheriff of King county, filed a motion in the foreclosure proceedings, asking authority to correct the return, filed March 19, 1934, to show that the property, the subject of the foreclosure, was sold for $80,567.65, instead of $95,667.25, as returned by his predecessor. This motion was supported by the affidavit of Homer Wisner, one of the civil deputies in the sheriff's office under Bannick and Severyns. This affidavit, while attempting to explain the mistake, admits that the bid for the higher sum was made and states:

". . . that the said $15,000 judgment against the Johnsons and Lamberths was predicated, as set forth in paragraph VIII of the complaint, upon an assumption of the mortgage debt up to the sum of $15,000 only; that said obligation of $15,000 was not in addition to, *as indicated by the order of sale,* but merely included in the $79,892.95 judgment against the defendant, Smart Apartments, Inc.''

The appellant, George, filed objections to the amendment on several grounds. The respondent supervisor of banking also filed a formal joinder in the motion to permit the amendment.

The order appealed from provided, in the first place, for the amendment of the return by the sheriff, as prayed for, and then made a direct order that the return be amended, the amendment to relate back to the date of the sale. It was further ordered that the appellant, Eva G. George, be granted a further year of redemption at the corrected figure, the period of redemption to expire one year from the date of the order.

The principal errors assigned by the appellant are the court's finding that a mistake had been made by the former sheriff, Claude G. Bannick, or his deputy, in the return; and second, the granting of permission to the incumbent sheriff, Severyns, to amend the return made by his predecessor.

In the opening sentence of his brief, the respondent says:

"For a complete picture of the facts leading to the motion, the granting of which is the issue before Your Honors, it is essential to make reference to the complaint, findings and conclusions, which preceded the entry of the judgment and the sale of the property thereunder.''

This is a correct statement of the condition of the record; that is to say, neither the order of sale nor the

judgment itself discloses the relation between the judgment given against the guarantors, and the one against the principal debtor.

■ The order of sale was the court's mandate to the sheriff, directing what he was to do. As we have seen, it recited the entry of a judgment for the several sums, without qualification, and directed the sale of the mortgaged property. The sheriff was not called upon to look beyond the order, but if he had done so, he would have found that the order followed the judgment. Certainly, he was not called upon to look into the pleadings and findings for an interpretation of the judgment and order of sale. The very affidavit filed by the office deputy, Homer Wisner, in support of the motion to amend, states that the order of sale indicated that the $15,000 obligation was in addition to the larger sum. It is true that the written request to the sheriff's office by the respondent was to bid the amount of the judgment, but the amount was not set out in the request and was to be ascertained by the sheriff by an inspection of the order of sale.

It is fully apparent, from an inspection of the record, that no mistake was made by the sheriff in executing the order of sale, nor in the return of his doings thereunder. The return spoke the truth. The mistake, if made, was in the order of sale and judgment.

"The object of the amendment of a record, whether made by the court in the entries on its minutes, judgments, or other proceedings, or by the sheriff in the history of his proceedings as stated in his return, is, or always should be, to obtain a record which shall speak the exact truth. A court will not, therefore, suffer a proposed amendment to be made without first being satisfied that it is true." 3 Freeman on Executions (3rd Ed.), § 358.

■ While our conclusion that there was no mistake in the return of the sheriff disposes of the appeal,

we may refer briefly to the second assignment, questioning the capacity of the incumbent sheriff to amend the return of his predecessor in office. Since an officer is responsible for the correctness of his own return, it is the generally accepted rule that the officer making the return is the one to make an amendment, where amendment is permissible. This is true, even though the officer making the original return is out of office. A return made by an officer may, with permission of the court, in a proper case, be amended by him after he has left office. 3 Freeman on Executions (3rd Ed.), § 359.

The respondent cites the case of *Toner v. Page,* 91 Wash. 314, 157 Pac. 866, in support of the court's order in the present case. The *Toner* case held that, where the sheriff made an erroneous return, an application to the court for permission to make an amendment of the return was the proper procedure, rather than an independent civil action. That case prescribed the proper procedure under the facts there before the court. There, it was alleged that an incorrect return had been made. Assuming this to be so, the court held that the proper procedure was to apply to the court in the first action for permission to correct the return.

If an incorrect return had been made by Sheriff Bannick in the case before us, and he had come into court seeking permission to correct it to conform to the facts, the *Toner* case would be applicable. Here, however, the return speaks the truth as to the sheriff's doings, in respect of what was done by him in the execution of the order of sale. Whatever remedy the respondent may have, it cannot be by an untrue amendment of the sheriff's return.

As we have seen, the matter in controversy is involved in a pending suit between the parties. It is not

our purpose here to express any opinion upon the merits of the issue involved in that suit.

The judgment will be reversed, and the cause remanded to the trial court with direction to deny the motion to amend the return.

MITCHELL, TOLMAN, and STEINERT, JJ., concur.

MILLARD, C. J., (dissenting)—I am of the view that, in principle, this case is not distinguishable from *Toner v. Page,* 91 Wash. 314, 157 Pac. 866. The judgment should be affirmed.

