[No. 27034.   Department One.   December 31, 1938.]

Eva G. George, *Appellant*, v. C. E. Jenks, *as State Supervisor of Banking, et al., Respondents, A. J. Sagel et al., Defendants.*[1]

*E. P. Whiting* and *H. A. M. Bonnar*, for appellant.

*Bausman, Oldham & Jarvis, Simon Wampold, Jr.*, and *Charles H. Todd*, for respondents.

Holcomb, J.—This action was instituted by a junior mortgagee against the supervisor of banking, the mortgagor, A. J. Sagel, and the Smart Apartments, Inc., to recover on a note the sum of $3,950, with interest

[1] Reported in 85 P. (2d) 1083.

thereon at the rate of six per cent per annum. Judgment was entered dismissing the complaint, and the junior mortgagee appeals.

The factual background of the present proceeding has been fully delineated in *Hansen v. Smart Apartments, Inc.*, 185 Wash. 657, 56 P. (2d) 670, and will not be recapitulated here except in so far as is necessary. In that case, the trial court entered judgment on January 29, 1934, against the Smart Apartments, Inc., in the total sum of $79,892.95, plus interest at seven per cent per annum until the judgment was paid; and thereafter another recital in the same judgment also provided that judgment be entered against Glenn M. Johnson and Olive M. Johnson, his wife, individually and as a community, against Q. E. Lamberth and Gladys M. Lamberth, his wife, individually and as a community, and against Myrtilla M. Hart, a widow, in the sum of fifteen thousand dollars.

At the execution sale, a bid was made on behalf of the supervisor of banking for $95,667.25 by the deputy of Sheriff Bannick, and March 19, 1934, a return was made accordingly.

July 23, 1935, Bannick's successor, Sheriff Severyns, filed a motion for leave to correct the return to indicate the property was sold for $80,567.65 in lieu of $95,-667.25. October 26, 1935, an order was made to amend the return as requested. Upon appeal, this court reversed the lower court and held that no mistake was made by the sheriff either in the execution of the order of sale or in the return; that the return reflected the truth; and that, if any mistake was made, it inhered in the order of sale and judgment.

, In her complaint, appellant alleged that the amount of the note was due her pursuant to her second mortgage; that judgment was entered in the foreclosure proceedings in cause No. 262016 in favor of the super-

visor of banking in the sum of $80,564.75; that thereafter the sheriff of King county bid for the mortgaged property the sum of $95,667.25, leaving a surplus over the amount of the judgment in the sum of $15,106.50; that the bid of the supervisor of banking, through the deputy sheriff, was in a sum in excess of that required to liquidate the first mortgage indebtedness, and hence a surplus remained for the payment of her second mortgage; and that the rights of all the respondents and defendants be adjudged inferior to hers.

October 21, 1936, an order of default was entered against Sagel and Smart Apartments, Inc. The supervisor of banking and the Depositors Company answered and denied that the judgment at the time of sale amounted to $80,564.75, and alleged that, at that time, the total amount of the judgment was the sum of $95,-667.25; denied there was any surplus arising out of the sheriff's sale; and pleaded affirmatively that the order of sale had been confirmed and not appealed from, that the supervisor of banking had instructed the deputy sheriff to bid in the real estate in question for the full amount of the judgment in his favor, and if any other bid was made on his behalf, it was made erroneously; and finally, that the property upon which execution was levied at no time was or is of the value claimed by appellant, and that to permit her to recover would result in her being unjustly enriched.

In her reply, appellant pleaded, in effect, a general denial, and alleged that, in cause No. 262016, the supervisor of banking sought and obtained foreclosure of the bank's mortgage upon the property involved for the sum of $71,548.89, with interest, costs, and accrued costs at the date of the sale, amounting to the sum of $80,564.75, and sought and obtained a deficiency judgment in the sum of fifteen thousand dollars against the guarantors on the note, secured by the first mortgage.

Appellant also pleaded that the judgment, including costs and accrued costs at the time of the sale, amounted only to the total sum of $80,564.75.

The sole question raised is whether the lower court erred in dismissing the action.

Counsel for respondent instructed the deputy sheriff to bid in the mortgaged property for the full amount of the judgment. By reason of the equivocal recitals in the judgment, it is apparent that the deputy sheriff considered the two amounts listed in the judgment, namely, $79,892.95, together with interest and costs, and the fifteen thousand dollars, in arriving at the amount of the bid.

"If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or of any part thereof, the whole record may be examined for the purpose of removing the doubt. One part of the judgment may be modified or explained by another part; and uncertainties in the judgment may become certain under the light cast upon them by the pleadings or other parts of the record." 1 Freeman on Judgments (5th ed.), 134, § 77.

Where a judgment is ambiguous, resort can be had to the pleadings, the findings of fact and conclusions of law, and the entire record to ascertain the true intent and force of the judgment. *Reed v. National Grocery Co.*, 136 Wash. 7, 238 Pac. 990; *Gollehon v. Gollehon*, 178 Wash. 372, 34 P. (2d) 1113; *Houston Oil Co. v. Village Mills Co.*, 241 S. W. (Tex. Com. App.) 122; *Watson v. Lawson*, 166 Cal. 235, 135 Pac. 961.

An examination of the pleadings and the record as a whole convinces us that the judgment entered in *Hansen v. Smart Apartments, Inc., supra,* was inaptly

drafted. It was the manifest intention of the trial court to enter a judgment against the Smart Apartments, Inc., stating that the total amount of the first mortgage indebtedness was in the sum of $79,892.95, plus costs and interest at seven per cent per annum from the date of the entry of the judgment until paid; and if, upon the sale of the apartment house property, an amount be obtained not sufficient to equal the above-mentioned sum, including interest and costs, then the guarantors on the first mortgage note should be liable to the extent of fifteen thousand dollars, but no more. This was not intended to be an unconditional judgment against the guarantors.

From the testimony in the record, there can be no doubt that the amount fixed by the judgment, exclusive of the fifteen thousand dollar provision against the guarantors, clearly is not equal to, but exceeds to a substantial extent, the fair market value of the apartment house properties in 1934.

Appellant relies upon *Soderberg v. King County,* 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670. That case involved an action by an assignee of several judgment debtors in various foreclosure proceedings against King county to recover commissions arising upon such foreclosure sales which had been collected by the sheriff and paid by him to the treasurer under the mistaken belief that it was his duty to deduct a commission from the amount bid. The court concluded that the sheriff was not entitled to such a commission; that the payment of such a commission would constitute a preference; and that the sum claimed constituted a surplus in the hands of the sheriff. In that case, the unlawfulness of the retention of the commissions and the existence of a surplus was clear; moreover, no ambiguity in a judgment was involved such as is presented in the instant case.

Appellant also relies upon *Moody v. Northwestern & Pac. Hypotheek Bank,* 20 Wash. 413, 55 Pac. 568. That involved a situation in which the purchaser at the sheriff's sale did not pay the full amount bid for property at the sale; that is, there was a difference between the purchase price and the actual amount paid. No ambiguity in the judgment occasioned the presentation of a bid in an erroneous amount, and there is nothing to indicate that there was any appreciable disparity between the fair market value of the property and the amount of the bid.

In *Brooks v. Bennett,* 277 Mass. 8, 177 N. E. 685, the court stated:

"In such case, if by mistake or ignorance the mortgagee has failed in some particular to conform exactly to the statute to his own harm, it would be inequitable to hold him responsible to account for money or assets which he has in truth and fact never received, provided no party in interest has been misled or suffered injury."

In *Prudential Sav. & Loan Ass'n v. Stewart,* 189 Wash. 571,. 66 P. (2d) 304, an action was brought to have an alleged surplus, arising from a sale incident to a mortgage foreclosure, paid into the registry of the court, the two bids in question being in an amount exceeding the total amount of the judgment. This court affirmed the dismissal of the action by the lower court on the ground that to allow recovery because of the error of the deputy sheriff would result in the unjust enrichment of appellant.

The instant case presents a similar situation, in which the deputy sheriff was directed to act as special agent of respondent to bid in the full amount of the judgment at the sheriff's sale. The language of the judgment was unfortunate, misleading, and susceptible to misconstruction. Nevertheless, this is an equitable proceed-

ing; it is manifest that an error was made in the bid tendered; and no showing has been made that any one would have been prejudiced if the bid had provided for the amount of the judgment, plus interest and costs, exclusive of the fifteen thousand dollar conditional recovery against the guarantors.

Under these circumstances, we conclude that to permit recovery by the second mortgagee would result in the dissipation of trust funds, and appellant's unjust enrichment, which would be unconscionable.

The judgment is affirmed.

STEINERT, C. J., MAIN, BLAKE, and ROBINSON, JJ., concur.